J. T. JAVINS *et al. v.* CITY OF DUNBAR *et als.*

(No. 6807)

Submitted January 27, 1931. Decided March 10, 1931.

*Dale G. Casto, W. E. R. Byrne* and *Henry S. Cato,* for plaintiffs in error.

*Coleman, Thompson & Parsons, A. G. Thompson,* and *W. M. Woodroe,* for defendants in error.

LITZ, PRESIDENT:

The defendants, City of Dunbar, a municipal corporation, Pfaff & Smith Builders Supply Company, a private corporation, (hereinafter called Pfaff & Smith) and G. T. Fogle &

Company, a private corporation, complain of judgment upon a verdict in favor of plaintiffs, J. T. Javins and Mary L. Javins, his wife, in an action of trespass on the case.

Plaintiffs own a seven-room brick veneer residence at the northwestern corner of the intersection of Park Street and Kanawha Avenue in said city, erected in 1924 at a cost of $6,500.00. They have adduced evidence tending to prove (according to the averments of the declaration) that Pfaff & Smith, with approval of the city, in 1926 and 1927, maintained a derrick boat equipped with a coal burning steam engine in Kanawha River near the residence of plaintiffs for the purpose of conveying, by bucket over an aerial cable, sand and gravel from barges in the river to stock piles within sixty feet of plaintiffs' residence; that Fogle & Company, also with the approval of the city, during the same period, operated a coal burning steam engine located in Park Street ninety feet from said residence to transfer, by hoisting device, the sand and gravel from the stock piles into a bin located in Park Street within forty feet of said residence and from which the materials were transported by motor trucks to points of use in the construction of concrete streets within the city; that vibrations, shocks, noises, smoke, soot and dirt caused by the joint operations of these two defendants materially damaged plaintiffs' residence and created a nuisance during the performance of the work, seriously affecting the plaintiffs in the enjoyment and comfort of their home. The sand and gravel was delivered by Pfaff & Smith to Fogle & Company under a contract of sale and purchase between them.

Defendants contend that as the city was exercising a governmental function in the improvement of its streets there is no liability against it nor either of the other defendants, acting under its authority; that if there is liability it is severable; and that there is therefore a misjoinder of parties defendant.

For the first proposition reliance is placed upon the rule, announced in *Northern Transportation Company* v. *Chicago*, 99 U. S. 635, that acts done in the proper exercise of governmental powers and not directly encroaching upon private

property are universally held not to be a *taking* within the constitutional provisions. The constitution of Illinois, in which the cause of action arose, had not yet changed the common law rule that consequential damages inflicted upon abutting property owners in the performance of public work reasonably and properly conducted are regarded as *damnum absque injuria.* That case is also distinguishable from this in that the location of the work, there complained of, in close proximity to abutting property was necessary in the construction of the public improvement, whereas, in this case it is not shown that it was reasonably necessary to establish the operations complained of so near the plaintiffs' premises. The Constitution of this state (Article 3, section 9) provides that private property shall not be taken or *damaged* for public use without just compensation. The right thus conferred has been recognized and enforced in numerous cases by this Court. *Spencer* v. *R. R. Co.,* 23 W. Va. 406; *Arbenz* v. *R. R. Co.,* 33 W. Va. 1, 10 S. E. 14, 5 L. R. A. 371; *Yates* v. *Grafton,* 34 W. Va. 783, 12 S. E. 1075; *Ward* v. *R. R. Co.,* 35 W. Va. 481, 14 S. E. 142; *Martin & Shaffer* v. *Martinsburg,* 102 W. Va. 138, 123 S. E. 745; *Godbey* v. *Bluefield,* 61 W. Va. 604, 57 S. E. 45; *Sun Sand Co.* v. *County Court,* 96 W. Va. 213.

As the joint acts of Pfaff & Smith and Fogle & Company, concurred in by the city, caused the injury, the resulting liability is joint. *Martin & Shaffer* v. *Martinsburg,* cited.

The judgment is, therefore, affirmed.

*Affirmed.*