WALTER M. ELSWICK, Judge.
On the 12th day of September 1938, there was a heavy rainfall in the hilly area drained by Gash ell’s run, a branch of Little Wheeling creek, in Ohio county, West Virginia, which caused a marked rise or freshet in the waters of Gashell’s run branch. The state road commission of West Virginia having charge of the maintenance and repair of national route 40 had permitted an accumulation of debris and dirt to remain under a culvert spanning Gashell’s run and it appears from the evidence adduced that by reason of this partial filling of the opening of said culvert there was not sufficient clearance under the culvert to carry the water underneath and the water of said run dammed up against said culvert and overflowed its banks. This overflow of said stream extended on the north side of said highway a distance of 354 feet West1 from the culvert to a storehouse owned by Valley Camp Stores Company where the water entered its basement doing material damage to a stock of merchandise stored therein upon which loss the claimant bases its claim for damages herein.
About two weeks before the overflow of the run an official of the Valley Camp Stores Company reported the condition of *64 the bed of the stream under the culvert, and probable damages, to the then county superintendent at the district highway commission office at Triadelphia, about two and one-half miles distant from Gashell’s run, but no action was taken by the commission to remove the dirt and debris accumulation until after the aforesaid heavy rain and overflow of the stream’s banks had caused the damage for which claimant files claim. (Record pp. 7, 8, 45 and 128). The testimony adduced by the claimant was to the effect that the accumulation of dirt and debris in the stream bed on the north or inlet side of the culvert had left a clearance of only eight inches between the accumulation óf the fill and the base of the span of the culvert. (Record p. 38). From the state’s evidence it certainly appears that there was a sufficient accumulation of dirt and debris to reduce the clearance under the culvert to a dimension entirely inadequate to permit the full flow of the stream’s rise from a heavy rain to go under the culvert. For it would appear from its evidence that this filling in of debris and dirt had reduced at least one-third of the clearance (record pp. 124, 130, 136), and that was a clearance of only three feet on the north or inlet side of the culvert (record pp. 131, 135). The culvert had a span of 23 feet and the area drained by Gashell’s run was approximately 685 acres and such area would require an opening under the culvert of four feet by twenty feet sufficient to drain the area of Gashell’s run. (Record p. 162). The fill under the culvert was excavated by state road commission employees after the overflow to leave an open clearance of 5 feet high with a span of 23 feet and it is reasonable to conclude from the evidence that these were the original dimensions of the open clearance when the culvert was constructed.
It further appears from the evidence that the rainfall in the area drained by Gashell’s run and the rise of the stream on September 12, 1938, the date of its overflow, was probably the greatest that had been known in twenty-eight to thirty years, the rise of the stream being from five to six feet, but it is found that the proximate cause of the overflow and resulting damage to the Valley Camp Stores Company was the failure and neglect of the then state road commission officials and employees to *65 keep a sufficient clearance or opening under the culvert to permit drainage of the area in question in times of heavy rains.
The net loss or cost to the Valley Camp Stores Company of the merchandise damaged to the extent of its value being destroyed was the sum of $7,611.03, based upon the claim filed and evidence adduced, after allowing a salvage value of ap-proximátely $1500.00. The court is of the opinion that an award should be made to claimant but not for the full amount claimed. There is much authority holding individuals liable in damages to another for obstructing the natural flow of a water course during freshets or ordinary flood, among which are the following cases decided by our Supreme Court: Neal v. Ohio River Railroad Company, 34 S. E. 914, 47 W. Va. 316; Uhl v. Ohio River Railroad Company, 49 S. E. 378, 56 W. Va. 494, 68 L. R. A. 138, 107 Am. St. Rep. 968; Taylor v. Chesapeake and Ohio Railroad Company, 100 S. E. 218, 84 W. Va. 442, 7 A. L. R. 112; Trump v. Bluefield Waterworks and Improvement Co., 129 S. E. 309, 99 W. Va. 425. An analogous decision holds that a city cannot escape liability for consequential damages to abutting property in the performance of a public work under maxim damnum absque injuria since the common law rule in that respect has been changed by article 3, section 9, of the constitution of West Virginia. Javins v. City of Dunbar, 157 S. E. 586, 110 W. Va. 271. A county court was held liable for acts of state road commission in changing the course of a stream, Carden v. Nicholas County Court, 157 S. E. 411, 110 W. Va. 195. From all the evidence and circumstances before the court we are of the opinion that an award of $4500.00 would constitute a reasonable recommendation in this case, and in reducing the amount as claimed we give the following explanations applicable to the evidence adduced at the hearing of the case:
From the evidence in this case it appears that the Valley Camp Stores Company did not make report of its damages to the state road commission until January 1939 when a claim was filed at the 1939 session of the Legislature. The road commission had no opportunity to view the damages or to assist in salvaging any of the merchandise. There was also evidence *66 to the fact that laborers of the Valley Camp Stores Company were careless in handling the salvaged goods which no doubt reduced the salvage value.
It further appears from the vidence that the grade level of Gashell’s run between the culvert and Little Wheeling creek is practially the same as Little Wheeling creek and approaches said creek at practically right angles raising some question as to a practical depth of grading of Gashell’s rim to prevent a backing up of Little Wheeling creek in the run in times of a freshet such as the evidence in this case revealed. The evidence reveals that Little Wheeling creek did back up into Gashell’s run in 1937 during a flood in that valley and caused similar damages to the Valley Camp Stores. It also appears from the evidence that from the general lay of the land and the construction of the present buildings and premises surrounding the culvert and Gashell’s run that it would be practically impossible to raise the bridge without creating liability in damages to others by reason of a change of the grade of the highway. This being a national highway, no doubt such course would not be required of the state road commission under its maintenance supervision.
While it appears from the evidence that a concrete curb was constructed around the top surface of the opening to the basement windows of the claimant company’s store building, after the 1937 flood, there is a question as to whether a larger amount of salvage could not have been realized from the stock of merchandise if the concrete curbs had been constructed on a higher pitch from the surface of the ground, there being no explanation made as to the heights of the curbs as constructed. But this would not be controlling as to the reduction of the amount of the award if another feature did not appear from the evidence. From the evidence it appears that the Valley Camp Stores Company had permitted one of its affiliates to dump mine gob on the southern side of the highway which covered the outlet opening of a smaller culvert about 600 feet west of the Valley Camp Store No. 3. It appears from the testimony that this outlet opening had been covered by about *67 three feet of mine gob. (Record pp. 147, 148,167). The overflow waters subsided within a short time, it appearing that the basement had drained within 45 minutes, (record p. 60).
It also appears that after Gashell’s run overflowed if this smaller culvert had been open a part of the overflow water would have drained in that direction by all probability reducing the amount of damages sustained by the claimant.
An award of four thousand five hundred dollars ($4500.00) is recommended and an order was entered accordingly.