TESS MORGAN *v.* THE CITY OF LOGAN

(CC 664)

Submitted February 2, 1943. Decided March 16, 1943.

*Robert Bland,* for plaintiff.
*R. H. Casto,* for defendant.

Lovins, Judge:

In an action of trespass on the case the Circuit Court of Logan County sustained a demurrer to a special plea and on joint application of the parties certified its ruling to this Court.

Plaintiff's amended declaration contains two counts. The first count alleges that plaintiff, Tess Morgan, is the owner of Lots Nos. 46, 47, and 48 of Mountain Lake Addition to the City of Logan, and three houses situate thereon; that the lots front on Walnut Street and extend uphill to Cusack Street; that the surface of the lots is very steep, but the topography thereof was smooth and firm with no breaks or slides therein prior to the grading of Cusack Street by defendant; that defendant graded and attempted to pave Cusack Street on which plaintiff's lots abut, and in so doing it was defendant's duty to use ordinary care; that defendant not only laid the concrete in freezing weather, causing it to heave and break, but also failed to make a firm and substantial grade on which to lay the concrete for proper drainage thereof, which resulted in surface water from the mountain percolating through the broken roadbed and under plaintiff's land causing the land to become so unstable that the concrete roadbed and land on Cusack Street slipped and slid downhill to Walnut Street, damaging plaintiff's houses beyond repair and rendering the real estate of little or no value. The alleged market value of the lots and houses is twenty thousand dollars, with a rental value of one hundred dollars a month.

The second count in the declaration varies from the first count only in that it is alleged that defendant in grading and paving Cusack Street made a large fill of loose earth, failed to tamp, pack and properly drain the same, and to secure said fill by a retaining wall or other means, so that the fill became a loose, movable, mass with little resistance to the force of gravitation, such condition resulting in the landslide which damaged plaintiff's property.

Defendant filed a "special plea," alleging in substance that in 1939 upon petition of owners of property on Cusack

Street defendant successfully sponsored a Works Progress Administration project for paving said street; that, after petitioning property owners had agreed to furnish all paving material, the defendant caused its city engineer to locate the street, fix the grades and set stakes therefor, and during the actual construction of the work furnished for a few days one or two of its trucks and drivers therefor; that except as mentioned above defendant had no connection with the project; and that throughout said construction all supervision, authority and control were exercised and the persons doing the work were employed exclusively by the Works Progress Administration.

Plaintiff demurred to the special plea on two grounds: "First, that the City of Logan could not absolve itself from liability for damages, which necessarily or reasonably flow from the grading and construction of Cusack Street * * *"; and "Second, the City of Logan did not relinquish supervision of the work entirely to the Works Progress Administration * * *." The trial court sustained the demurrer and certified the following question of law to this Court: "Whether the said special plea of the defendant states facts, which if true, would constitute a defense to the allegations and averments contained in plaintiff's amended declaration?"

The special plea being responsive to the amended declaration we may consider questions arising on the face of both pleadings. *Tyler* v. *Wetzel,* 85 W. Va. 378, 101 S. E. 726. The substance of plaintiff's allegations relates to the negligent manner in which the improvement of Cusack Street was made. The sufficiency of the amended declaration is not questioned, hence we express no opinion thereon.

We do not regard the connection of the Works Progress Administration with the improvement of Cusack Street as being material in answering the question here presented.

The opening, grading and paving of streets are governmental functions, and, in the absence of a statute or a con-

stitutional provision, a municipal corporation is immune from liability in the exercise thereof, regardless of negligence. *Douglass* v. *County Court,* 90 W. Va. 47, 110 S. E. 439, 22 A. L. R. 585; *Carder* v. *Clarksburg,* 100 W. Va. 605, 131 S. E. 349. The common law immunity of municipal corporations for damage to land abutting on a work of public improvement has been abrogated by Article III, Section 9 of the Constitution of West Virginia. *Javins* v. *City of Dunbar,* 110 W. Va. 271, 157 S. E. 586. Although not discussed the same principle is implicitly recognized in the opinion of this Court in the case of *Sand Co.* v. *County Court,* 96 W. Va. 213, 122 S. E. 536. As our system of jurisprudence has developed, modifications of rules of common law have been adopted, the tendency being to define and protect the rights of citizens from undue invasion. The protection afforded private persons in the possession, use and enjoyment of their property by Article III, Section 9 of the Constitution of this State prevents the damage of private property for public use without just compensation, and although exercising a governmental power in grading and paving Cusack Street, the defendant cannot escape liability for damage to abutting land consequent to such improvement on the ground that another agency without supervision and control actually did the work.

The defendant would not be liable for damage to private property done by a mere volunteer or an unauthorized person. The mayor of the City of Logan had sufficient authority to initiate the opening, grading and paving of Cusack Street under the pertinent provisions of its charter (Chapter 124, Acts Legislature, 1933,) reading in part as follows:

"Sec. 14. * * *
"(h) The duties of the mayor shall be: * * * Determine and decide on the plan and program for paving * * * and otherwise improving the different streets * * * in the city and fix and determine the time in which such streets * * * shall be paved, * * * and otherwise improved;

"(i) Determine and decide upon the kind and make of pavement * * * and other improvements which shall be constructed and made upon and in any of the streets * * * of the city.

\* \* \*

"Sec. 21. The mayor shall also be superintendent of the streets.

\* \* \*

"Sec. 28: The city through its officers shall have plenary power to construct * * * all streets * * * of the city and to lay out, construct * * * new streets * * * and to apportion such amounts of monies raised by taxation to that purpose as may be requisite * * *."

Apparently exercising the authority conferred by the foregoing, the mayor of the defendant, at the request of abutting property owners, initiated the work of improving the street, and obtained the assistance of the Works Progress Administration. The city engineer, a subordinate of the mayor, located the street and ascertained the grade thereof. Trucks and drivers were furnished to haul materials used in its construction.

The amended declaration and special plea do not expressly allege or deny the responsibility of the defendant or that the work was for the use of the public. But we think the responsibility for causing the improvement to be made sufficiently appears from the averments of the amended declaration, and the special plea when read in conjunction with the pertinent provisions of Chapter 124, Acts 1933, hereinabove quoted. Furthermore, the use of the word "street" in both pleadings as descriptive of the undertaking suffices to determine that the work of improvement was for public use, a street being defined as "a road or way over land set apart for public use and travel in a city, town or village; and as the way is common and free to all the people, it is a highway." *Taylor* v. *Philippi*, 35 W. Va. 554, 14 S. E. 130, 131.

The damage to the land of the plaintiff as a consequence

of grading and paving the street is explicitly alleged in the plaintiff's declaration.

We therefore hold that a municipal corporation is not exonerated from liability for damages to abutting land consequent from the construction of a street, by delegation of the actual work thereof to the Works Progress Administration, without supervision or control.

Agreeable to the foregoing, we affirm the ruling of the trial court.

*Affirmed.*