427 F.2d 12
 William E. DIXON et al., Appellants,
v.
WEST VIRGINIA UNIVERSITY BOARD OF GOVERNORS, a statutory
corporation, et al., and American Industrial
Leasing Company, a West Virginia
corporation, Appellees.
 No. 13847.
 United States Court of Appeals, Fourth Circuit.
 Argued March 5, 1970.
Decided May 21, 1970.
 
 Charles C. W. Atwater, Baltimore, Md. (David A. Carney, and Mylander & Atwater, Baltimore, Md., on brief), for appellants.
 James G. Anderson, III, Asst. Atty. Gen. of West Virginia, and Howard R. Klostermeyer, Charleston, W. Va. (George G. Guthrie and Spilman, Thomas, Battle & Klostermeyer, Charleston, W. Va., on brief), for appellees.
 Before BOREMAN, BRYAN and WINTER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Sovereign immunity from suit was successfully pleaded by the West Virginia University Board of Governors in an action by Maryland citizens against them for breach of contract. Diversity of citizenship was obvious and no other predicate of jurisdiction was declared. Dismissal of the case was placed jointly on the provision of the West Virginia Constitution, Article 6, Section 35,[1] prohibiting suits against the State, and on her statutes giving the Board the status of a State agency sharing this immunity. City of Morgantown v. Ducker, W.Va., 168 S.E.2d 298 (1969).
 
 
 2
 As did the District Judge, we put decision exclusively on West Virginia's Constitution and laws. See Erie RR v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); cf. Sanner v. Trustees of Sheppard & Enoch Pratt Hosp., 398 F.2d 226 (4 Cir.), cert. denied 393 U.S. 982, 89 S.Ct. 453, 21 L.Ed.2d 443 (1968). There is no call to descant upon the Eleventh Amendment of the Constitution of the United States denying jurisdiction to Federal courts of suits against a State by citizens of other states.
 
 
 3
 The contract in litigation involved the lease of dormitories for the use of the University. Plaintiffs on this appeal for the first time avow that defendants' alleged non-performance of the agreement was a taking of property without just compensation in violation of West Virginia Constitution, Article 3, Section 9,[2] as limited by due process, commanded in the Federal Constitution. In this they attempt to create a Federal question not here subject to dismissal by the District Court. The answer to this contention is that even liberally construed, plaintiffs' forty-paragraph complaint nowhere reveals this ground of jurisdiction. See Rule 8(a), F.R.Civ.P.; cf. Skelly Oil Co. v. Phillips Co., 339 U.S. 667, 672, 70 S.Ct. 876, 94 L.Ed. 1194 (1950).
 
 
 4
 Further, the alleged breach of contract cannot under West Virginia law be construed as the taking or damaging of private property for public use. Cf. Morgan v. City of Logan, 125 W.Va. 445, 24 S.E.2d 760 (1943). But even if it were, 'questions arising from the taking of property by condemnation for state purposes, are ordinarily matters for determination by the state courts.' Harrison-Halsted Community Group, Inc. v. House & Home Fin. Agency, 310 F.2d 99, 103 (7 Cir. 1962), cert. denied 373 U.S. 914, 83 S.Ct. 1297, 10 L.Ed.2d 414 (1963).
 
 
 5
 Therefore, the asserted failure of contractual performance by the University does not come within the West Virginia Constitution, Article 3, Section 9, supra fn. 2. Consequently the application of Federal constitutional limitations on this State provision is uncalled for in the circumstances. Hence, plaintiffs' assertion of Federal question jurisdiction is without merit. Cf. Bell v. Hood, 327 U.S. 678, 681-683, 66 S.Ct. 773, 90 L.Ed. 939 (1946).
 
 
 6
 Upon these bases, we decline to question the dismissal of the suit against the Governors.
 
 
 7
 Affirmed.
 
 
 
 [1]
 West Virginia Const. Art. 6, 35. 'The State of West Virginia shall never be made defendant in any court of law or equity * * *.'
 
 
 [2]
 West Virginia Const. Art. 3, 9. 'Private property shall not be taken or damaged for public use, without just compensation; * * * and when private property shall be taken, or damaged, for public use, * * * the compensation to the owner shall be ascertained in such manner, as may be prescribed by the general law; * * *'