Jon-Karl BALDWIN, Appellant,

v.

APPALACHIAN POWER COMPANY, a corporation, Appellee.

No. 76–1735.

United States Court of Appeals,
Fourth Circuit.

Submitted Feb. 28, 1977.

Decided June 1, 1977.

Jon-Karl Baldwin, appellant pro se.

Donald D. Hodson, Beckely, W. Va., for appellee.

Before RUSSELL, WIDENER and HALL, Circuit Judges.

PER CURIAM:

Jon-Karl Baldwin brought a civil rights action against the Appalachian Power Company alleging that he was deprived of his property without due process of law by the power company's erection of certain power line poles on his property. Baldwin sought compensatory and punitive damages as well as injunctive relief. The district court dismissed the complaint *sua sponte,* finding that Baldwin had failed to state a claim under 42 U.S.C. § 1983. It is from this judgment that Baldwin appeals.

Taking as true the allegation stated in Baldwin's complaint, as we must, it appears that the Appalachian Power Company, proceeding under W.Va. Code § 54–2–15, secured a right of way through Baldwin's property for the erection of electric power

lines and poles. Baldwin claims that a hearing was not granted prior to the power company's taking of the land in question as required by § 54–2–15.

 Where a complaint is brought under 42 U.S.C. § 1983, two elements must be established before there can be recovery. First, the plaintiff must demonstrate that the defendant has deprived him of a right secured by the "Constitution and laws" of the United States. Second, the plaintiff must demonstrate that the defendant deprived him of this constitutional right under color of state law. *Adickes v. S. H. Kress Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

Under West Virginia law, the power of eminent domain may be conferred upon private corporations for the purpose of constructing works for the public utility. Specifically, public service corporations may take private land for the construction and maintenance of electric light lines. W.Va. Code § 54–1–2. By exercising the delegated power of eminent domain, a public service corporation acts as an agent of the state, *Fork Ridge Baptist Cemetery Ass'n v. Redd,* 33 W.Va. 262, 10 S.E. 405 (1889). Thus, we find that the power company, by availing itself of a state-granted right of entry onto Baldwin's property, acted under color of state law. *See Lucas v. Wisconsin Electric Power Co.,* 466 F.2d 638 (7th Cir. 1972), *cert. denied,* 409 U.S. 1114, 93 S.Ct. 928, 34 L.Ed.2d 696 (1973).

While we find that Appalachian Power Company was acting under color of state law, we cannot find any federally protected right that has been violated. "[Q]uestions arising from the taking of property by condemnation for state purposes, are ordinarily matters for determination by the state courts." *Dixon v. West Virginia University Board of Governors,* 427 F.2d 12, 13 (4th Cir. 1970). Where, as here, the representative of the state " . . . has instituted proceedings under statutes calculated to as-

certain and award just compensation, due process is satisfied . . . ." *Ballard Fish & Oyster Co. v. Glaser Construction Co.,* 424 F.2d 473, 475 (4th Cir. 1970); *Elterich v. City of Sea Isle City,* 477 F.2d 289 (3rd Cir. 1973); *Green Street Association v. Daley,* 373 F.2d 1, 7 (7th Cir. 1967).

Accordingly, the judgment of the district court is affirmed.

AFFIRMED.