## No. 16,736.

KISTLER *v.* NORTHERN COLORADO WATER CONSERVANCY DISTRICT.
(246 P. [2d] 616)

Decided June 23, 1952.

Mr. L. R. Temple, Mr. Albert P. Fischer, Mr. Kirby Kistler, Mr. Gray Secor, for plaintiff in error.

Messrs. Kelly & Clayton, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

This is an action in eminent domain by Northern Colorado Water Conservancy District, formed under an act of the legislature of 1937, to acquire certain lands of plaintiff in error, to whom we refer by name as Kistler. Defendant in error will be designated herein as the District.

Kistler owned a sizable cattle ranch in the mountain foothill district of northern Colorado, northwest of Berthoud and generally west of Loveland in Larimer county. On some of his best land is located a natural basin holding water, known as Carter lake, which becomes dry in some seasons. This lake is an integral part of the Colorado-Big Thompson project for diversion and storage of water directed from the western slope. As a reservoir, it, and other like basins, supply and stabilize the flow

of water being diverted to the eastern slope for domestic, municipal, irrigation, industrial, and other beneficial uses in the area contemplated to be supplied. The board of the district determined the necessity of acquiring the land, not only that under Carter lake, but sufficient land above its high-water mark to meet its needs and purposes, and sought to acquire such land by this condemnation proceeding. The lands described in the petition constituted about one-fourth of Kistler's lands in that area.

Kistler answered the petition, admitting the necessity of taking land for the purposes of the district, but denying that it was necessary to take lands above the high-water mark of the reservoir. He requested a jury of freeholders, which, during the trial, viewed the premises. Prior to the trial, Kistler filed a motion for an order of court appointing a commission to determine the necessity of taking the lands sought to be condemned. His answer is silent as to any fraud or lack of good faith. After lengthy trial, and under what appears to be proper instructions, the jury returned its verdict describing the property taken and fixed a total compensation of $67,271.00, $46,962.00 was for value of the lands taken, and $20,309.00 representing damage to the residue. Consistent judgment was duly entered.

Kistler, for purposes of this review, claims that the court erred in not appointing commissioners to determine the necessity for taking all of the lands described in the petition; in not permitting his witness, Heron, to testify as to values after qualifying as an expert; in refusing to strike evidence of sales of nearby lands, claiming that it was not shown that such lands were comparable to the lands taken; error in permitting guides to accompany the jury in its view of the premises; and finally in not permitting him to show damage from the time of the order of possession of said lands to the district up to the date of the trial, or the value of the use of the lands during said time.

We are relieved of the necessity of discussion of the Water Conservation Act, chapter 266, Session Laws of 1937, on the main question here involved by virtue of our decision in the case of *People ex rel. Rogers v. Letford,* 102 Colo. 284, 79 P. (2d) 274, decided in May of 1938, wherein there is an exhaustive review of the nature and powers of conservation districts created pursuant to the act.

■■ The district as here created is, according to our adjudication in the Letford case, supra, a state agency, and as such is a public corporation with broad powers to accomplish its objects which are of *public* benefit, an advantage to the people of the state as a whole. It is technically characterized as a "quasi-municipal corporation," however, designed for *state* purposes. It is, by the broad grant of power to levy taxes, distinguished from the usual irrigation districts authorized by Colorado statutes. In the exercise of this broad power vested in the district board, there is a duty to determine, among other things, the extent of the property necessary to be taken to accomplish the public purpose, and its determination of the question, in the absence of fraud or bad faith, is, therefore, final; accordingly, Kistler's contention that the court erred in not appointing a commission to determine the necessity of taking land above the high-water line of the lake involved, or to be involved, is without merit, because of the distinction between condemnation proceedings under this act, and such proceedings under the ordinary eminent domain act, and also in irrigation projects.

Counsel for the district claim that in pursuance of its purpose to conserve the water of the state in this particular area and project, that it determined that lands above the high-water line of the reservoir were necessary in order to have and provide the necessary facilities to construct, maintain and operate the reservoir and to provide materials to do the things necessary to protect the water supply; to provide access; and to guard against

wave action and seepage. The power so delegated to the board to determine what property shall be taken for its purposes for the public use is not to be interfered with by substituting the judgment of either a court or a commission.

As to the trial court apparently determined that Kistler's witness, Heron, the mining engineer, qualified as an expert, but did not qualify as to his competency to pass upon values of the land in question. Without indulging in a useless quotation of the testimony surrounding his qualifications, we are content to say that the record seems to sufficiently support the trial court's conclusion in this regard and therefore it will not be disturbed.

As to the question Kistler's counsel raise in contending that it was error for the court to refuse to strike from the record the evidence of sales of nearby acreage, we believe this testimony admissible and competent for the purpose of enabling the jury to establish values, because it came from five witnesses who had direct knowledge either as a purchaser or seller of the ranches which were in the immediate vicinity of the land involved. These sales were open-market sales, under no compulsion, and the values placed thereon were by the parties involved; in addition thereto, the members of the jury were all from the same county and we must assume each juror had some knowledge and ability in evaluating land which he had the privilege to see and consider. Usually, consummated sales are a valuable guide on the question of values. The instructions of the trial court were to the effect that the jury was to determine to what extent these sales were comparable with the value of Kistler's land in question, and we therefore find no error in the court's refusal to strike this testimony.

On the specification of error in permitting guides to accompany the jury in its view of the premises, we find that counsel for Kistler participated in the arrangement and actually named their expert witness, the engineer Heron, as one of the guides. No objection was made

at the time, and was raised for the first time in the motion for new trial. Rule 47 (k), R.C.P. Colo. is: "If in the opinion of the court it is proper for the jury to see or examine any property or place, it may order the jury to be conducted thereto in a body by a court officer. A guide may be appointed. The court shall, in the presence of the parties, instruct the officer and guide as to their duties. While the jury is thus absent, no person shall speak to it on any subject connected with the trial excepting only the guide and officer in compliance with such instructions. The parties and their attorney may be present." In face of the clear provisions of this rule and the circumstances leading up to the appointment of the guides, we find no reason for complaint under this specification.

As to the last error specified, based on the statement that Kistler, the respondent, was not permitted to testify as to the damage from the time the order of possession was entered to the date of the trial, or the value for the use of the land during said time, we find that his counsel inquired of him as to the use-value of his pasture for the period in question and counsel for petitioner objected on the ground that it was not a fair measure of damages and was incompetent and irrelevant. Without a ruling on this objection by the court then or later, counsel for Kistler stated that he reserved the right to re-examine this witness on this point. However, at no stage of the subsequent proceedings did counsel for Kistler again present this matter for a ruling, either by questions or offer of proof or by any tendered instruction. The jurors were instructed to determine the value of the property and the damage sustained by Kistler from the evidence submitted to them during the course of the trial, said value and damage to the remaining property to be taken as of "the date of the trial." There was no objection to this instruction, nor any other instruction tendered on the measure of damage by Kistler. We as-

sume, rightfully, that the jury made its finding on the question of damages as of "the date of the trial." Such is the adjudicated law in this state. The compensation to be awarded for taking of land for public purpose is determined by the present market value thereof in cash received by one desirous of selling and purchased by one desirous of buying after fair and voluntary dealing without any compulsion to sell or buy, together with separation damage, if any. Kistler was permitted to show the rental value of the land as an element for the purpose of determining this value, and it was ostensibly permitted not to add an additional element of damage for loss of use beyond the market value.

Finding no error in the rulings of the trial court or its instructions given, and finding ample evidence to support the verdict, it will not be disturbed.

The judgment is affirmed.