No. 20,170.

JOHN C. VIVIAN, ET AL., v.
THE BOARD OF TRUSTEES OF COLORADO SCHOOL OF MINES.
(383 P. [2d] 801)

Decided July 22, 1963.

Messrs. VIVIAN, SHERMAN & KINNEY, for plaintiffs in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. JOHN P. HOLLOWAY, Assistant, Mr. JOSEPH M. MONTANO, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will refer to plaintiffs in error as the respondents or by name, and to defendant in error as the Board or petitioner.

The action was commenced by the Board under the provisions of chapter 50, C.R.S. '53 (the eminent domain statute) for the purpose of acquiring a parcel of real property owned by the Vivians. It had been leased by them to Otto and Myrtle Baltes for a term not as yet expired.

The acquisition sought by the Board was the full title to the property—there was to be no residue. Negotiations were commenced between petitioners and John C. Vivian (Chauncey H. Vivian being a nonresident of Colorado) which resulted in an appraisal made by two persons, one of whom was selected by the Board and the other by Vivian. These appraisers fixed the full value of the property at $19,500.00, which the Board offered to pay. Vivian offered to accept that sum in exchange for a deed to the premises, but qualified the "acceptance" with the condition that it would be necessary for an additional amount to be agreed upon to compensate for the leasehold interest held by the Baltes. It is clear from the record before us that Vivian was not willing to accept $19,500.00 as being in full payment of all interests in the property, and that further negotiations prior to the commencement of an action would have been futile.

May 1, 1961, this action was commenced. Respondents moved to dismiss on the ground that there had not been a failure of negotiations concerning the compensation to be paid for the property. The motion was denied.

Pursuant to the statute, a commission was appointed which found the market value of the property to be $19,500.00. The trial court entered its order of compensation to respondents in the sum of $19,500.00, plus interest thereon from the date possession was taken to the date upon which the commission's Certificate of Ascertainment and Assessment was filed. The court adjudged "that the tract or parcel of land and the improvements thereon hereinabove described has been duly and lawfully taken by the Petitioner pursuant to the statutes and the Constitution of the State of Colorado * * * ."

The thrust of the argument on behalf of respondents is that the offer of the Board for the title of the property was regarded by respondents as fair compensation and was acceptable to the Vivians as payment for the fee title to the property; that the Vivians were willing to negotiate further concerning the additional compensa-

tion to be paid for the "assignment of the lease, dated December 7, 1954, between John C. and C. H. Vivian and Otto J. Baltes, and running until December 7, 1965, which encumbers the said property."

As grounds for reversal it is argued:

(1) That the only issue which was proper for consideration by the commission was the value of the leasehold interest, since the appraisal of $19,500.00 was acceptable for the fee title interest of the Vivians.

(2) That the district court had no jurisdiction over the subject matter for the reason that the Board "failed to establish that there was a complete or any breakdown in the negotiations, the condition precedent to the court's jurisdiction";

(3) That the commission was not properly instructed concerning the elements to be considered "in determining the value of the leasehold interest";

(4) That Baltes, the lessee, was improperly prohibited from testifying as to the value of the leasehold; and

(5) That the court order permitting the Board to take possession of the premises was erroneous in that it allowed destruction of the building prior to the time the commission was able to view the premises.

■ With reference to point (1) above, it is pertinent to say that the Board sought to acquire the whole property and the compensation to be paid for it was the reasonable market value of the real estate itself at the time of the taking. The reasonable market value of the real estate could not be enhanced in the manner here attempted by any assignment to lessees of the landlord's leasehold interest, or by any contract arrangement among the holders of different interests in the real estate. The existence of the lease, together with the terms and conditions thereof, was properly presented to the commission. It was admissible for the reason that it had a bearing on the reasonable market value of the property being subjected to the condemnation proceedings. In *Kistler v. Northern Colorado Water Conser-*

*vancy District,* 126 Colo. 11, 246 P. (2d) 616, we find the following:

" * * * The compensation to be awarded for taking of land for public purpose is determined by the present market value thereof in cash received by one desirous of selling and purchased by one desirous of buying after fair and voluntary dealing without any compulsion to sell or buy, together with separation damage, if any. Kistler was permitted to show the rental value of the land as an element for the purpose of determining this value, and it was ostensibly permitted not to add an additional element of damage for loss of use beyond the market value."

■ Once the reasonable market value of property subject to eminent domain proceedings has been established, the apportionment of that amount among persons claiming an interest therein is a matter of no concern to the condemner. As stated in 29 C.J.S., p. 1103 (Sec. 197):

" * * * As a general rule the award is made in gross, and thereafter apportioned among the various parties according to their interests. Persons having interests in the property taken may agree as to the proportions in which the compensation shall be distributed among them. The proper apportionment of the fund awarded concerns only the claimants, and the condemning party has no interest in such apportionment."

In *The Denver Power and Irrigation Company v. The Denver and Rio Grande Railroad Company, et al.,* 30 Colo. 204, 69 Pac. 568, we find the following:

"The ultimate object of this action, so far as petitioner is concerned, is to acquire the title of respondents in the right or rights of way through the reservoir site. Petitioner has no interest in these premises. In compliance with the statute, it has made all claimants to any interest in them parties respondent in order that they may have an opportunity to establish the damages which they will sustain by taking the land in question. It is

wholly immaterial to petitioner what the respective interests of these parties may be. * * * " See also *State ex rel. McCaskill v. Hall,* 325 Mo. 165, 28 S.W. (2d) 80, in which the Supreme Court of Missouri rejected the argument made by a lessee of real estate which was being taken for public use that he was entitled to a separate assessment of damages on account of the loss of his leasehold interest. The Missouri court held that the proper course was to ascertain the entire compensation as though the property belonged to one person and then to apportion this sum among the persons having rights therein as their respective interests appeared.

 With reference to point 2 above, it is sufficient to say that the assertion of counsel for respondents, that the Board failed to establish a failure to reach agreement through negotiations as to the amount of compensation, is not supported by the record before us. There is ample evidence to warrant the conclusion that further negotiations would have been futile, and that the respondents had placed conditions upon a transfer by deed which the Board had clearly rejected, and that, in fact, negotiations had broken down. In *Old Timers Baseball Association of Colorado, et al., v. Housing Authority of the City and County of Denver, et al.,* 122 Colo. 597, 224 P. (2d) 219, with reference to the question as to whether negotiations had broken down in a condemnation case, we said, inter alia:

" * * * If there is any evidence in the record to sustain the action of the trial court, we are concluded thereby, and are required to find that it did not exceed its jurisdiction or abuse its discretion." This quoted language is applicable to the instant case.

 The argument that the commission was not properly instructed with reference to elements involved in a determination of the value of the leasehold interest, is without merit. As already indicated, the question to be determined by the commission related to the reasonable market value of the property, and in determining that

value they had before them the existing lease upon the property as a fact to be considered. There was no error in the exclusion of evidence offered by Baltes concerning his estimate of the value of his leasehold interest. That is a matter for settlement as between the lessor and lessee with which the Board is not concerned.

■ With reference to the argument that the order of the court under which the Board took possession was erroneous, we direct attention to the early case of *McClain v. People*, 9 Colo. 190, 11 Pac. 85, in which it was held in substance that the trial court has a discretion in determining whether immediate possession of property shall be given to the condemner in proceedings of this kind. In the instant action we find no abuse of discretion on the part of the trial court in this connection.

It is also urged that the complaint in the action was fatally defective because it was not signed by the governor in person, and that "the court preempted the prerogative of the commission as to the award of damages." These arguments have no merit.

The judgment is affirmed.

MR. CHIEF JUSTICE FRANTZ not participating.