No. C-375

Montgomery Ward & Co., Incorporated, an Illinois corporation v. City of Sterling, Colorado and the State Department of Highways, Division of Highways, State of Colorado

(523 P.2d 465)

Decided June 17, 1974.

Walberg and Pryor, John E. Walberg, for petitioner.

John P. Moore, Attorney General, Joseph M. Montano, Chief Highway Counsel, Leonard Ripps, Special Assistant Attorney General, for respondents.

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Certiorari was granted to review the decision of the Court of Appeals in *City of Sterling v. Plains Investment Co.*, 32 Colo. App. 115, 511 P.2d 512.

In October of 1970, the State Department of Highways and the City of Sterling filed a petition in condemnation to acquire a fee simple absolute in a thirty-five foot strip of land for a highway right-of-way. Plains Investment Company, who owned the subject property, had leased the lot to Montgomery Ward and Co. Wards operated a catalog store and auto repair garage at this location. Wards' lease was for a term of ten years to June 30, 1979, and provided Wards two options at the same rental, each for a further term of five years. It is undisputed that the condemnation of this land would make it necessary for Wards to relocate its store in Sterling. Both Plains and Wards were made respondents to the condemnation proceeding.

Wards filed an answer to the condemnation petition. It alleged that the fair rental value of the property exceeded the reserved rent and, therefore, it sought a judgment against the petitioners for the sum of the difference between the fair rental value and reserved rent over the remainder of the term of the lease.

Peitioners moved to dismiss Wards' answer. They characterized Wards' answer as a counterclaim and asserted that the lessee's interest in the award for the undivided fee, if any, should be ascertained in a subsequent proceeding.

The trial court ruled that Wards could not value its leasehold interest separate and apart from the reasonable market value of the property being condemned; however, it ruled that Wards could join with the owners in presenting any evidence to prove the reasonable market value of the undivided fee.

On September 1, 1971, a hearing was held to determine the value of the condemned property. It is apparent from the record that Plains and the condemnors had agreed prior to the hearing that $45,400 was a fair price for the fee and that Wards had not taken part in these negotiations. Counsel for both Plains and the condemnors stated that the fair rental value of the property had been considered in arriving at this figure. Counsel for Wards objected, stating that he had never seen any appraisal and that counsels' statements do not constitute proof that the fair rental value was properly considered in arriving at this valuation.

Wards still maintained that it had a right to prove its own loss at this hearing. Its offer of proof was the lease between Plains and Wards reserving a yearly rental of $7800 and a new lease for similar property reserving a yearly rental of $12,700. It alleged that moving to the new location hurt Wards' business and that Wards would have exercised its option to renew the Plains' lease.

Based on the stipulation, the court entered an order for a total award of $45,400 of which $26,735 was the value of land actually taken, including all interests therein, and $18,665 was the damage to the residue. It rejected Wards' offer of proof holding that it was only relevant to apportion the award.

On appeal, Wards alleges that (1) it should have been allowed to prove its loss by showing the value of the advantageous lease and (2) it was denied the right to cross-examine the appraisers which Plains and the condemnors used to value the unencumbered fee. Relying on *Vivian v.*

*Board of Trustees,* 152 Colo. 556, 383 P.2d 801, the Court of Appeals affirmed.

We affirm the Court of Appeals with respect to Wards' first contention. We hold, however, that the case must be remanded for the purpose of determining the fair market value of the property based on competent evidence.

## I.

The first issue involves the valuation technique by which the trier of fact determines the amount to be awarded for the taking of the condemned property. Wards argues that the condemned property should be valued by determining the respective values of the lessee's and lessor's interest and totaling them to determine the amount which the condemnors must pay for the property. This method of valuation is commonly referred to as the sum of the interest approach.

The condemnors argue that the property should be valued as a whole and, if necessary, a subsequent proceeding can be held to apportion the total award between the lessee and lessor. This method is normally referred to as the undivided fee rule. For our purposes, it is well put as follows:

"The fee taking eliminates all lesser titles as well as the fee and vests the entire title, a fee simple absolute, in the condemnor. An award is made for such unencumbered fee simple absolute and not for particular parts of the title. Where the land is subject to an existing lease, on distribution of the fund the lessor is entitled to the award minus the value of the lessee's rights. The lessee is entitled, insofar as the leasehold interest itself is concerned, to the bonus value of his lease, if there is such value. If he has made a good bargain the fair market value of his lease may exceed rent money due, in which case he has money coming. The award of the lessee for the unexpired residue of his term is its present money worth over and above the obligations of the lease."[1]

---

[1] Some commentators believe that the lessor's interest should be valued and subtracted from the total, thereby ascertaining the lessee's interest. Boyer and Wilcox, *An Economic Appraisal of Leasehold Valuation in Condemnation Proceedings,* 17 *U. Miami L. Rev.* 245. 267 (1963). We do not decide that question here.

J. Sackman, *Compensation Upon the Partial Taking of Leasehold Interest, S.W. Legal Foundation 3d Ann. Inst. on Eminent Domain,* 35, 39 (1961).

 As we pointed out in *Vivian v. Board of Trustees, supra,* Colorado follows the rule that the property must be valued on an undivided basis, but with some distinctions from the strict undivided fee rule. *See* 4 *Nichols, Eminent Domain,* § 12.36 (rev. 3d ed. 1971). This rule puts all the condemnees in the position of seeking to maximize the total award in the first proceeding. Only in a subsequent proceeding do the condemnees become adversaries. Under the undivided basis rule, the parties have an opportunity to agree on the apportionment of the award, thereby avoiding completely the difficult task of ascertaining the value of the separate interests. Also, the rule has the effect of curbing .excessive awards. 1 *L. Orgel, Valuation Under the Law of Eminent Domain,* § 109 (2d ed. 1953). It simplifies and narrows the issues in the proceeding in which the condemnor has an interest. In addition, our eminent domain statute, 1967 Perm. Supp., C.R.S. 1963, 50-1-6, provides for its use.[2]

 The undivided basis rule, as applied in Colorado and as distinguished from the undivided fee rule adopted in some states, does not ignore the value which an encumbrance may add to or substract from the fair market value of the property as a whole. *See* e.g., *Englewood v. Reffel,* 173 Colo. 203, 477 P.2d 361, where a permanent right-of-way easement diminished the fair market value of the land. *See also Boston Chamber of Commerce v. Boston,* 217 U.S. 189, 30 S.Ct. 459, 54 L.Ed. 725. Conversely, the rule contemplates that where the contract rental adds to the fair market value of the property, evidence of that rental is relevant in determining

---

[2] Wards argues that the 1966 amendment to C.R.S. 1963, 50-1-6 evinces the legislative intent to engraft the separate interest valuation doctrine onto the undivided fee rule. We perceive no such intent. It is obvious from reading the amendment that the changes were made in section 50-1-6 to accommodate the addition of 1967 Perm. Supp., C.R.S. 1963, 50-1-22, which provides for condemnation of personal property. 1967 Perm. Supp., C.R.S. 1963, 50-1-6(3) does not require that Wards be allowed to prove its loss.

the compensation to be paid. *See People v. Lynbar,* 253 Cal. App. 2d 870, 62 Cal. Rptr. 320. However, under our rule, where the contract rental is less than the fair rental, as Wards contends here, the fair rental and not the contract rental is the relevant evidence on the issue of compensation. This assures a fair return for the property valued as a whole. In none of the situations above mentioned is the test one of divided interests. Therefore, the trial court properly denied Wards' request that interests of the owner and the lessee be valued separately.

Wards maintains that an award based on the unencumbered value of the thirty-five foot strip does not provide a sufficient award for its loss. Wards asserts that the condemnation caused it to lose its right to possession of the *entire* premises. It argues that this loss is the present value of the difference between the fair rental value and the contract rent over the life of the lease.

 The short answer to this contention is that the possessory interest to the entire lot under lease was not taken by the condemnors. They only took a thirty-five foot strip. The remainder was retained by either the lessee or the lessor. *See In Re Savin Hill Yacht Club Ass'n.,* 246 Mass. 75, 140 N.E. 299; 4 *Nichols, Eminent Domain,* § 12.42(1). In any event, the condemnor need not pay for an interest which was not lost by the condemnees. *Englewood v. Reffel, supra; Boston Chamber of Commerce v. Boston, supra.* The value of their joint loss can be measured by the difference between the fair market value of the entire property prior to condemnation less its fair market value after condemnation. Applying the undivided basis rule, as set out above, does not deny Wards its "just compensation."

## II.

 Wards argues that the trial court erred in denying it the right to cross-examine the appraisers who allegedly set the value upon which the stipulation was based. It is well-settled law that where a lessee has compensable rights in the leasehold, these rights are not affected by the lessor's settlement with the condemnor. *A. W. Duckett & Co. v. United States,* 266 U.S. 149, 45 S.Ct. 38, 69 L.Ed. 216;

*Chicago, B. & Q. R. Co. v. F. Reisch & Bros.,* 247 Ill. 350, 93 N.E. 383. Wards is a party in interest in this proceeding, for its compensation is affected by the amount which the condemnors must pay for the entire property taken. Although Wards may have waived its right to present its own evidence of value, as the Court of Appeals held, it did not waive its right to insist that the award be based on competent evidence and to cross-examine its source.

Wards was not a party to the stipulation between the condemnors and the lessor. Wards objected to admissibility of the stipulation and asserted its right to cross-examine the appraisers. Under these circumstances, the stipulation is not a proper basis for the award. Therefore, the judgment is reversed and the cause remanded to the district court for the purpose of ascertaining the value of the property taken consonant with the views expressed herein.