**DIRECT MAIL SERVICES, INC., a Colorado corporation, and Marvin W. Shaver, a/k/a Wally Shaver, Plaintiffs,**

v.

**The STATE OF COLORADO, et al., Defendants and Third-Party Plaintiffs,**

v.

**Keith E. BEST, Third-Party Defendant.**

No. 82–K–1461.

United States District Court, D. Colorado.

Jan. 10, 1983.

Jeffrey R. Edelman, Denver, Colo., for plaintiffs.

Jeffrey B. Stalder, Hall & Evans, Denver, Colo., for the State.

Harold D. Torgan, Torgan & Associates, Denver, Colo., for Best.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This action arises out of condemnation proceedings between the State of Colorado and third-party defendant Best pursuant to the state's power of eminent domain. Plaintiff, Marvin W. Shaver was the lessee in a lease dated October 31, 1977 of the property located at 2055–75 South Santa Fe Drive, Denver, Colorado. Plaintiffs' complaint contains four claims for relief: wrongful taking of the leasehold estate by the State of Colorado and the United States government;[1] trespass; violation of plaintiffs' civil rights under 42 U.S.C. § 1983, *et seq.* and a denial of right to just compensation under the Fifth and Fourteenth Amendments to the U.S. Constitution; and, civil conspiracy by two or more of the State Highway Department employee defendants to deprive plaintiffs of their just compensation for the taking of the property rights, a violation of 42 U.S.C. § 1985, *et seq.* All parties have filed motions for summary judgment which have been briefed and are ripe for determination.

On October 31, 1977, plaintiff and third-party defendant Best entered into a written lease and addendum for the property located at 2055–75 South Santa Fe Drive. The lease was to run from January 2, 1978 to December 30, 1987 at a rental rate of $800 per month for the first five years and $1,000 per month for the subsequent five years. The lease was tied to a sale of the business of Direct Mail Services, Inc. from

---

1. The United States of America and Andrew L. Lewis, Jr., Secretary of the Department of Transportation were dismissed without prejudice on plaintiffs' motion October 14, 1982.

Best to Shaver. The addendum executed the same day and incorporated and made a part of the lease said at paragraph 12:

*Effect of Condemnation.* Rights and duties in the event of condemnation are as follows:

(1) If the whole of the demised premises shall be taken or condemned by any competent authority for any public or quasi-public use or purpose, this lease shall vest thereby in that authority and the rent reserved hereunder shall be apportioned and paid up to that date.

(2) If only a portion of the land in front of the demised premises shall be taken or condemned, this lease and the terms hereof shall not cease or terminate, but the rent payable after the date on which Lessee shall be required to surrender possession of such portion shall be reduced in proportion to the decreased use suffered by Lessee as the parties may agree or as shall be determined by arbitration.

(3) In the event of any taking or condemnation the resulting award of consequential damages with regards to the buildings and premises shall belong to Lessor. Awards of consequential damage for major improvements effected by mutual agreement between Lessor and Lessee and such awards for loss of Lessee's business, moving expenses, etc. shall belong to the Lessee. Lessee shall have the right to pursue settlement from the condemning authority as a separate action from any claim the Lessor might negotiate with said condemning authority.

On April 26, 1979, pursuant to its powers of eminent domain, the State of Colorado acquired the "whole of the demised premises." A special warranty deed was executed by the parties. On July 15, 1979, the state and plaintiff Shaver entered into a lease for the premises. This lease was to run for two years beginning July 1, 1979 and ending July 1, 1981. Rent under this lease was $770 per month. Plaintiff states that the fair market value of the leased premises was $1,616 per month. Shaver terminated this lease in July, 1980, and vacated the property August 25, 1980 in favor of other premises (the Ashton or Navajo property)

leased August 1, 1980 to July 31, 1983 at $1,590 per month which could then be renewed until July 31, 1985 at a rate of $1,800 per month. Plaintiffs maintain that this property contains more square footage than they need. Plaintiffs seek damages for the loss in the fair market value of the leasehold plus the difference between the Best property and the Ashton property, an order requiring defendants to engage in inverse condemnation, compensatory and punitive damages for the alleged trespass and damages for the alleged wrongful taking and denial of just compensation. Plaintiffs ground this court's subject matter jurisdiction under Title 28 U.S.C. § 1346(b), and bring the action under the Fourteenth Amendment to the U.S. Constitution, Title 42 U.S.C. § 1983, 28 U.S.C. § 2201 and pursuant to Rule 65, F.R.Civ.P.

## PLAINTIFFS' FIRST CLAIM FOR RELIEF

Plaintiffs' first claim for relief alleges a wrongful taking of plaintiffs' leasehold estate for public use without just compensation in violation of the Colorado and federal constitutions. Plaintiffs seek an order requiring the defendants "to engage in inverse condemnation proceedings," for damages for loss of the fair market value of their leasehold estate and the difference between the Best property rental and the Ashton property rental. Both plaintiffs and defendants have filed motions for summary judgment on this claim.

Defendants rely on the language of paragraph 12 of the addendum to the lease and argue that plaintiffs have no right to inverse condemnation. Defendants argue that with the condemnation and the transfer of the property from Best to the State of Colorado under the warranty deed of April 26, 1979, all Shaver's legal interest in the property and rights to any award of compensation terminated and that summary judgment must be entered in their favor on this claim because plaintiffs have failed to state a cause of action against them.

Plaintiffs contend that they have asserted a meritorious claim upon which relief

can be granted. They argue that their leasehold interest is a property right as defined under the Fifth Amendment to the U.S. Constitution and may not be taken without just compensation. Plaintiffs argue that because the state has not commenced condemnation proceedings against plaintiffs' leasehold estate but has deprived them of that estate, they are entitled to inverse condemnation and just compensation for the taking.

The power of eminent domain is an inherent attribute of sovereignty limited only by applicable portions of the state and federal constitutions. The exercise of the right of eminent domain is the exercise of the sovereign power. *People of Colorado v. District Court,* 207 F.2d 50 (10th Cir.1953); *City of Thornton v. Farmers Reservoir & Irrigation Co.,* 194 Colo. 526, 575 P.2d 382 (1978). The determination of necessity is an essential part of the power of eminent domain and, once necessity is determined by legislative act, no further finding or adjudication is required. *Id.* 575 P.2d at 389; *Londoner v. Denver,* 52 Colo. 15, 119 P. 156 (1911). The determination of necessity by the condemnor is not reviewable by the judiciary absent a showing of fraud or bad faith. *Colorado State Board of Land Commissioners v. District Court,* 163 Colo. 338, 430 P.2d 617 (1967); *Dallasta v. Department of Highways,* 153 Colo. 519, 387 P.2d 25 (1963); *Mack v. Highway Commission,* 152 Colo. 300, 381 P.2d 987 (1963); *Denver v. Board of Commissioners,* 113 Colo. 150, 156 P.2d 101 (1945); *Lavelle v. Town of Julesburg,* 49 Colo. 290, 112 P. 774 (1911). This court has no authority to interfere with the condemnation powers of the State of Colorado or any other state. The Fourth Circuit in *Baldwin v. Appalachin Power Co.,* 556 F.2d 241 (4th Cir.1977) (quoting *Dixon v. West Virginia University Board of Governors,* 427 F.2d 12, 13 (4th Cir.1970)) said:

> Questions arising from the taking of property by condemnation for State purposes, are ordinarily matters for determination by the State courts.

A lease is a property right which, when taken for public use, has value for which the holder must be awarded just compensation. *U.S. v. General Motors Corp.,* 323 U.S. 373, 65 S.Ct. 357, 89 L.Ed. 311, 156 A.L.R. 390 (1945) held that "property" within the Fifth Amendment includes every sort of right and interest the citizens may possess on which it is practicable to place a money value. The Tenth Circuit has also held that a lease is "property" within the meaning of the Fifth Amendment. *U.S. v. Petty Motor Co.,* 147 F.2d 912 (10th Cir.1945). Generally, a tenant is entitled to share in the condemnation award to the extent of his leasehold interest. 2 Nichols, *Eminent Domain,* (3rd ed.) § 5.23 p. 35. However, the tenant may by contract waive his right to participate in a condemnation award. *See,* 96 A.L.R.2d 1140.

Plaintiffs argue that there has been no condemnation proceeding instituted but concedes that the property was transferred by Best to the State of Colorado under the warranty deed of April 26, 1979. This contention is rejected. The absence of a judicial proceeding in condemnation does not support an argument that there was in fact no condemnation of the property. Once the legislative decision is made and the petition of condemnation is issued, the parties must resort to the courts only when they are unable to agree on an amount of "just compensation." *Mulford v. Farmers Reservoir & Irrigation Co.,* 62 Colo. 167, 101 P. 301 (1916); *Interstate Trust Bldg. Co. v. Denver Urban Renewal Authority,* 172 Colo. 427, 473 P.2d 978 (1970). In the instant action, the state and Best were able to reach an acceptable award and a judicial proceeding was avoided. There is no doubt, however, that had they not agreed on a just compensation, formal judicial condemnation proceedings would have been instituted. C.R.S.1973 § 38–1–102; *City of Thornton, supra.* The evidence shows that this transfer of title was not a mere sale, but a condemnation of the property.

Considering the language of the lease and the addendum as a whole, I think the intent of the parties is clearly that the tenant would not share in any award for condem-

nation. Plaintiffs, however, base their rights on the last sentence of subsection 3, section 12, which reads: "Lessee shall have the right to pursue settlement from the condemning authority as a separate action from any claim the Lessor might negotiate with said condemning authority." Plaintiffs maintain that they never waived any rights they may have had against the state.

 Condemnation proceedings are governed in the State of Colorado by C.R.S. 1973 § 38–1–101 *et seq.*[2] As interpreted by the Supreme Court, the right to compensation for the value of the land taken and damages to the residue occasioned by the taking is a personal one which belongs to the owner. *Enke v. City of Greeley,* 31 Colo.App. 337, 504 P.2d 1112 (1972); *Upper Eagle Valley Sanitation District v. Carnie,* Colo.App., 634 P.2d 1008 (1981). The lessee is not entitled in the initial condemnation proceedings to establish the value of its leasehold interest independently of the value of the entire property and is not entitled to a separate award by the state for the value of its leasehold. *City of Sterling v. Plains Investment Co.,* 32 Colo.App. 115, 511 P.2d 512 (1973), rev'd on other grounds, 185 Colo. 238, 523 P.2d 465 (1974). The facts of the instant action may be compared with those considered by the Colorado Supreme Court in *Vivian v. Board of Trustees of Colorado School of Mines,* 152 Colo. 556, 383 P.2d 801, where a claim was made for compensation for a leasehold interest outside of the condemnation proceeding. The court determined that there is no entitlement of lessee to establish the value of its leasehold interest independently of the value of the entire property, and there was no right to a separate award from the state for the value of the leasehold. In *Vivian* as in this case, the value of the leasehold was considered in determining the reasonable market value of the property. The rental value is an element of the reasonable market value only and is not

> "an additional element of damage for loss of use beyond the market value." *Vivian,* 383 P.2d at 803 quoting *Kistler v.*

*Northern Colorado Water Conservancy District,* 126 Colo. 11, 246 P.2d 616.

Continuing, the court said:

> Once the reasonable market value of property subject to eminent domain proceedings has been established, the apportionment of that amount among persons claiming an interest therein is a matter of no concern to the condemner. As stated in 29 C.J.S. Eminent Domain § 197, p. 1103:
>
> > ' * * * As a general rule the award is made in gross, and thereafter apportioned among the various parties according to their interests. Persons having interests in the property taken may agree as to the proportions in which the compensation shall be distributed among them. The proper apportionment of the funds awarded concerns only the claimants, and the condemning party has no interest in such apportionment.'

This precedent has been followed in other actions, *e.g. City of Sterling v. Plains Investment Co., supra.* The parties may not, by contract or otherwise, change this precept. The lessee had no rights against the state (or any other condemning authority) which it could reserve by contract or lease. Plaintiffs have no right to inverse condemnation. The defendants' motion for summary judgment on plaintiffs' first claim for relief is granted; plaintiffs' motion for summary judgment on the first claim is denied.

### PLAINTIFFS' SECOND CLAIM FOR RELIEF

Plaintiffs' second claim for relief charges defendants with wrongfully entering and taking the leasehold estate. Essentially, the claim is one for trespass. Defendants move for summary judgment on this claim. Plaintiffs' motion for summary judgment does not include this claim.

 A trespass is an unlawful entry or an unlawful act which injures the person or property of another. For an action to lie in trespass, it must be shown that there was

---

2. See Article II, § 15 of the Colorado Constitution regarding inverse condemnation.

either no consent to the entry or, if there was consent, that the consent was exceeded by the trespasser. Defendants argue that because there was a valid lease in existence between plaintiffs and the State of Colorado which, in paragraph 4, reserved the right to lessor to enter the leased area "where necessary," there can be no trespass. Plaintiffs argue that between April 26, 1979 when their lease with Best terminated and the lease with the State of Colorado was executed, they enjoyed a tenancy at will and it is against this tenancy that the trespass transgressed.

■ The facts are undisputed that although the lease between plaintiffs and the state was not executed until July 15, 1979 the term of the lease commenced to run July 1, 1979. I need not consider what rights and obligations may have existed under the alleged tenancy at will. Plaintiffs do not deny the existence of the lease nor its paragraph 4. Under the plain language of the contract, whatever entry defendants may have made onto the property, if within the terms of the lease, cannot constitute a trespass. Defendants' motion for summary judgment on plaintiffs' second claim for relief is granted.

### PLAINTIFFS' THIRD AND FOURTH CLAIMS FOR RELIEF

■ Plaintiffs' third claim for relief alleges a denial of their civil rights under 42 U.S.C. § 1983, *et seq.;* the fourth claim is based on 42 U.S.C. § 1985. Both defendants and plaintiffs have moved for summary judgment on these claims. Defendants argue that a fundamental prerequisite to plaintiffs' claims is a property right of which plaintiffs were deprived by the state. Based on my ruling regarding the first claim for relief, I find that there was no deprivation of a property right. Plaintiffs agree that their rights under the lease were terminated April 26, 1979 upon condemnation of the property. (Plaintiffs' brief at page 10) Again, plaintiffs argue that the alleged tenancy at will was a property right which was protected under the Fifth and Fourteenth Amendments and thus gives

rise to the claims under §§ 1983 and 1985. Whatever property right plaintiffs may have had under the tenancy at will was subsequently extinguished upon execution of the second lease with the state. There was no condemnation or taking of either the property rights of the tenancy at will or the state lease. Plaintiff Shaver, in his affidavit, states that he entered into the state lease "in an effort to mitigate any losses or damage to the business known as Direct Mail Services, Inc." (page 2) Although plaintiffs were not given a particular time when the buildings would be razed and construction for widening the road would occur, and even though under "the constant threat of having the subject property taken out from under him by the State of Colorado exercising it (sic) authority under eminent domain," (page 2 of Shaver's affidavit) there was no "taking" of plaintiffs' property right under this lease by eminent domain or otherwise. It was plaintiffs' decision to vacate the premises and move to the Ashton property at the increased rent with increased unnecessary space. Likewise, there can be no conspiracy to deprive plaintiffs of any property right if there is no property right.

I find that there has been no deprivation of any property right on which to base plaintiffs' § 1983 and § 1985 claims. Summary judgment is granted for defendants and against plaintiffs on the third and fourth claims for plaintiffs' complaint. Plaintiffs' motion for summary judgment on these claims is denied.

### THIRD PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

■ The third party defendant, Best, has moved for summary judgment as to the claims brought against him in the third-party complaint. Because I have granted summary judgment on all counts of plaintiffs' complaint against defendants, the third-party action for indemnification cannot stand. The third-party defendant's motion for summary judgment is granted. It is, therefore,

ORDERED that summary judgment shall enter in favor of defendants on all claims of the complaint and in favor of third-party defendant on all claims of the third-party complaint. The complaint and this action are dismissed. Each party shall bear his or its own costs.