Carter M. FARRAR, Sr. and Marjorie J. Farrar, Respondents–Appellants and Cross–Appellees,

v.

TOTAL PETROLEUM, INC., Respondent–Appellee and Cross–Appellant.

No. 85CA0055.

Colorado Court of Appeals, Div. I.

June 23, 1988.

Rehearing Denied July 21, 1988.

Certiorari Granted (Total) Nov. 28, 1988.

Hutchinson, Black, Hill & Cook, Clark G. Edwards, Buchanan, Gray, Purvis & Schuetze, John A. Purvis, Boulder, for respondents-appellants and cross-appellees.

Bernick and Moch, Robert B. Moch, Denver, for respondent-appellee and cross-appellant.

CRISWELL, Judge.

The parties to this appeal were respondents in an eminent domain proceeding who disagreed over the allocation of the total proceeds paid by the condemning authority for a parcel of land. The trial court awarded to Total Petroleum, Inc., (the tenant), as its share of the total compensation paid, the sum of $77,000, and both it and the Farrars (the owners) appeal from that judgment. We reverse.

The land taken in condemnation by the Boulder Urban Renewal Authority (BURA) contained about 88,000 square feet. The tenant leased some 18,750 square feet of the parcel from the owners upon which the tenant operated a gasoline service station. The written lease provided that improvements upon the leased premises would continue to be owned by the tenant and could be removed by it at will.

The lease also provided that, in the event of a taking by the exercise of eminent domain, or in the event of a voluntary conveyance made in lieu of condemnation, the lease would terminate as of the date the condemning authority acquired the right to possession of the property. In either such event, it was provided that the compensation paid by the authority would be divided between the tenant and the owners in the following manner:

"Under those circumstances, *the award or price which the taking or condemning agency, body or entity will pay* for the Premises shall be divided between the parties as follows:

(a) The Landlord shall receive and retain *that part of the award or price* which is attributable to the land (only) that is taken.

(b) The Tenant shall receive and retain *that part of the award or price* which is attributable to the improvements, betterments and all other things situated on the land that is taken." (emphasis supplied)

The matter did not proceed to hearing upon the question of the total compensation due from BURA. Rather, the total amount of compensation to be paid for the taking was the subject of an agreement

among all of the interested parties. This agreement provided that the sum of $1,015,440 was to be paid for the *entire* property taken. The testimony was undisputed that this amount was based upon an overall land value of $11.50 per square foot; it was also undisputed that, in arriving at this total amount, no value was assigned to any of the improvements existing on the property.

The tenant and the owners being unable to agree as to the portion of the price paid by BURA that was "attributable" to the improvements upon the leased premises, an evidentiary hearing upon that issue was held by the trial court. At this hearing both parties presented evaluation testimony, the overall thrust of which was that, if the leased premises were to be considered as only a part of the entire property taken by BURA, the improvements were virtually worthless, since any willing purchaser would have acquired the entire property only for redevelopment purposes. On the other hand, if the leased premises were considered as a separate parcel, and not as a part of the larger parcel, the improvements would have had a fair market value between $77,000 and $104,000.

In awarding tenant the sum of $77,000, the trial court concluded that there was no evidence as to what portion of the agreed price BURA attributed to the improvements on the leased premises and, therefore, the word "attributable" under the lease had to mean "attributable under the applicable law by the finder of fact." The court also found that, if the leased premises were considered only as a part of the total taking, the improvements added nothing to the value of the total parcel taken. However, it concluded that the value of the improvements had to be determined based upon a consideration of the value of the leased premises only and that, using this criterion for evaluation, the improvements added $77,000 to the value of the leased premises.

■ The owners assert that the trial court committed error in evaluating the improvements as if the leased premises were a separate parcel taken by BURA

when, in fact, those premises were evaluated by the parties to the agreement only as a part of the taking. We agree.

■ The trial court did not consider the lease's terms to be ambiguous and did not rely upon extrinsic evidence to interpret those terms. We also agree that the lease is unambiguous. *See Radiology Professional Corp. v. Trinidad Area Health Ass'n*, 195 Colo. 253, 577 P.2d 748 (1978). Thus, this court is not bound by the trial court's interpretation of the lease. *Great Western Sugar Co. v. Northern Natural Gas Co.*, 661 P.2d 684 (Colo.App.1982), *aff'd sub nom. KN Energy, Inc. v. Great Western Sugar Co.*, 698 P.2d 769 (Colo. 1985).

The parties' lease provided that the "award," in the case of a judicial determination of the amount of compensation, or the "price," in the event of a voluntary agreement upon that amount, was to be "divided" between the tenant and the owners, with the tenant receiving that part of the "price" paid that was "attributable" to the improvements. Thus, the terms of the lease contemplated a division of the *actual* price paid by the condemning authority and a division based upon the value *actually* attributed to the improvements in any agreement with the condemning authority. And, the court considered evidence of the value of the improvements only because it found that it could not determine the amount actually attributed to them by the agreement with BURA.

■ Nothing within the parties' lease suggests that the owners or the tenant intended that either the improvements or the land were to be evaluated on a basis different from that used in fixing the amount of the "award" or the "price" actually to be paid for the whole property. Nor is there anything in the record to suggest that the total compensation agreed to be paid by BURA was calculated on any basis other than a square foot value for the land. A purchase price computed in this manner is consistent with the eminent domain statute. Section 38–1–101, et seq., C.R.S. (1982 Repl. Vol. 16A). Indeed, at least insofar as it may have affected BURA's rights and

obligations, such a private lease agreement could not have had any effect upon the evaluation principles to be applied. *See Direct Mail Services, Inc. v. State of Colorado,* 557 F.Supp. 851 (D.Colo.1983), *aff'd sub nom. Direct Mail Services, Inc. v. Best,* 729 F.2d 672 (10th Cir.1984).

Under the criteria utilized for evaluation of property taken in eminent domain proceedings, it would have been necessary initially to evaluate the property taken, as a whole; the value of any individual interest in the property could not have been considered, except to the extent that a consideration of the value of that interest could be reflected in an initial single award representing the fair market value of the entire fee interest. *Montgomery Ward & Co. v. Sterling,* 185 Colo. 238, 523 P.2d 465 (Colo. 1974); *Vivian v. Board of Trustees,* 152 Colo. 556, 383 P.2d 801 (1963); *Gunnison v. McCabe Hereford Ranch, Inc.,* 702 P.2d 768 (Colo.App.1985). Further, it would have been improper to determine the total compensation by hypothetically subdividing the property and by assigning a value to each of the designated lots. *Department of Highways v. Schulhoff,* 167 Colo. 72, 445 P.2d 402 (1968).

Since the lease contemplated that the tenant was entitled to receive that part of the price actually attributed to the improvements, their evaluation was required to be determined by reference to the same criteria for evaluation that the parties used in establishing the price for the entire property; the lease did not intend that that part of the purchase price attributable to the improvements was to be determined by applying evaluation principles to some hypothetical taking. Thus, the trial court erred in determining that any part of the price paid by BURA was attributable to the improvements on the tenant's portion of the total parcel.

In view of our conclusion with respect to the trial court's evaluation of the improvements, it is unnecessary for us to consider any of the other contentions made by the parties.

The judgment of the district court is reversed and this cause is remanded to that court with directions to enter a judgment and decree declaring that the tenant is not entitled to receive any portion of the proceeds paid by BURA as compensation for the taking.

PIERCE and METZGER, JJ., concur.