**Leslie GIFFORD, Plaintiff–Appellant,**

v.

**The CITY OF COLORADO SPRINGS, Defendant–Appellee.**

**No. 90CA0944.**

Colorado Court of Appeals, Div. III.

July 5, 1991.

Robert J. Mason, Colorado Springs, for plaintiff-appellant.

Hall & Evans, Alan Epstein, Catherine A.G. Sparkman and Walter S. Rouse, Denver, for defendant-appellee.

Opinion by Judge TURSI.

In this inverse condemnation and trespass action, plaintiff, Leslie Gifford, appeals the summary judgment entered in favor of defendant, the City of Colorado Springs (City). We affirm.

The following undisputed facts are distilled from the record. Dominion Executive Club, Ltd., owned a parcel of improved real property in Colorado Springs located on the southeast corner of an intersection bounded by Garden of the Gods Road to the north and Northpark Drive to the west. The building improvements that occupy a portion of the lot includes an attached ground floor restaurant.

The intersection on which Dominion's property is located was targeted for a City public works grading, road-widening, and railroad overpass project to begin in late 1984 and end in mid–1986. Consequently, on August 15, 1984, the City's appraiser valued Dominion's property for purposes of Phase I of the project.

The appraisal estimates the value of a strip of Dominion's land which the City wished to acquire for the project and estimates the damages resulting to the remainder of the property as a result of the desired taking. It also includes a description of the restaurant as an improvement and notes that the improvements will not be altered by the taking. Also, the appraiser's affidavit states that the leasehold interest was considered during his valuation of the property, and independent evidence in the record corroborates that the City knew of plaintiff's intention to lease the property at the time the appraisal was conducted.

One week following the appraisal, Dominion leased the restaurant portion of the interior of its building to plaintiff. The lease agreement grants concessions to plaintiff expressly owing to the public works project, including rent-free occupancy for six months, subsequent rent abatements during the remainder of the construction project, and extensive renovation of the premises.

In October 1984, Dominion agreed to sell the City a strip of its unimproved property on the west boundary of the lot which parallels Northpark Drive. The land was acquired by the City as right-of-way for its project, and, in accordance with the appraised value, Dominion received the sum of $92,106 for the taking as compensation for the land actually taken and damages for diminution in value to the remainder. The interior of the building was not involved in the taking.

In Phase II of the road project, less than a year later, the City purchased another strip of Dominion's unimproved property which bounds the north edge of the property along Garden of the Gods Road. This right-of-way was acquired for the sum of $21,841, and the building interior was not involved in this taking. However, in response to plaintiff's subsequent complaint that this taking eliminated certain parking spaces, the City issued a change order authorizing its contractor, at the City's expense, to build additional parking spaces on the northeast corner of Dominion's property.

During construction of the road improvements, vehicular traffic at the intersection was detoured and access to businesses at or near the intersection was obstructed. Two former points of access to plaintiff's restaurant were permanently closed as a result of the project. However, access to the restaurant was provided at all times either by a third access point on Northpark Drive or by a frontage road.

Plaintiff abandoned his leasehold interest in January of 1986. That following October, plaintiff filed inverse condemnation and trespass claims against the City, alleging damages resulting to his business and leasehold interest as a result of its takings. The trial court dismissed both claims by granting the City's motion for summary judgment.

■ When reviewing the propriety of a summary judgment, we are required to determine whether there is a clear showing that there exists no issue of material fact and that the moving party is entitled to judgment as a matter of law. *Churchey v. Adolph Coors Co.*, 759 P.2d 1336 (Colo. 1988).

■ In making this determination, we must resolve all doubts as to the existence of a triable factual issue against the moving party, *Travelers Insurance Co. v. Savio*, 706 P.2d 1258 (Colo.1985), and give the party against whom the motion is asserted the benefit of all favorable inferences that may be drawn from the facts. *Kaiser Foundation Health Plan v. Sharp*, 741 P.2d 714 (Colo.1987).

■ However, once the moving party satisfies its burden of establishing the nonexistence of a disputed material issue of fact, the burden of proving the existence of a factual issue shifts to the non-moving party. The failure of the non-moving party to satisfy its burden entitles the moving party to summary judgment as a matter of law. *Continental Air Lines, Inc. v. Keenan*, 731 P.2d 708 (Colo.1987).

## I.

Plaintiff challenges the granting of summary judgment on his inverse condemnation claim on the basis that genuine issues of material fact exist regarding the City's fair market valuation of the property. We disagree.

■ Under Colorado's undivided basis rule of fair market valuation, the condemnor must value the property as a whole by assuming ownership by one person while taking into consideration the value of encumbrances upon the fair market valuation of property. *Montgomery Ward & Co. v. Sterling*, 185 Colo. 238, 523 P.2d 465 (1974).

■ When the value of a leasehold is considered in determining the reasonable market value of the property, a lessee is not entitled to establish the value of its leasehold interest independently of the value of the entire property, nor is he entitled to receive a separate award from the condemning authority for the value of the leasehold. *Vivian v. Board of Trustees*, 152 Colo. 556, 383 P.2d 801 (1963).

■ Once a fair market valuation has been established, the right to compensation is personal to the owner, *Upper Eagle Valley Sanitation District v. Carnie*, 634 P.2d 1008 (Colo.App.1981), and the apportionment of this amount among persons claiming a share is not a concern of the condemnor. *Vivian v. Board of Trustees, supra.*

■ Therefore, in circumstances in which, as here, the fair market value of the property has been calculated after considering the leasehold interest, a lessee is barred as a matter of law from bringing an inverse condemnation action against the condemning authority for a separate valuation of and award for his leasehold interest. A lessee's remedy lies in instituting an action against its lessor. *Direct Mail Services, Inc. v. Best*, 729 F.2d 672 (10th Cir. 1984), *aff'g*, 557 F.Supp. 851 (D.Colo.1983).

■ Here, plaintiff fails to refute the City's showing that the property's fair market value was awarded after consideration of plaintiff's leasehold interest. Moreover, there is no showing that plaintiff's leasehold interest was taken during the City's acquisition of Dominion's property, nor does plaintiff challenge the amount paid by the City to Dominion for the fair market value of the acquired property and damages to its remainder.

Accordingly, because there is no factual controversy concerning the City's fair market valuation of the property, plaintiff's inverse condemnation action was properly dismissed. *See Continental Air Lines,*

*Inc. v. Keenan, supra; Heller v. First National Bank,* 657 P.2d 992 (Colo.App. 1982).

## II.

Plaintiff also contends that the trial court erroneously dismissed his inverse condemnation claim because material, disputed issues of fact exist as to whether his leasehold interest was damaged by the loss of parking and access. Again, we disagree.

### Parking Loss

■ The City proffered evidence, which plaintiff fails to rebut, that after considering the impact of the takings upon plaintiff's leasehold interest, the appraiser concluded that no loss of market value resulted thereto. Moreover, the undisputed evidence establishes that Dominion compensated plaintiff, by virtue of the concessions in the lease agreement, for the inconvenience caused by the construction and that the City constructed additional parking for plaintiff's benefit at its own expense.

On the other hand, the record is devoid of evidence in support of plaintiff's contentions that the loss of parking occasioned by the City's takings damaged or diminished the value of his leasehold interest in the interior of the building.

### Access Restrictions

■ The appraisal states that access to the parcel will be "severely reduced due to the closing of two of the three existing entries." Plaintiff, therefore, contends that the trial court erroneously dismissed his inverse condemnation claim by holding that severely restricted access to the rental premises did not damage plaintiff's leasehold interest as a matter of law.

However, it is uncontested that plaintiff, as lessee of the property, neither owned the property nor was assigned the owner's right to compensation for loss of access. Therefore, because such a claim is exclusive to the owner of property as a matter

of law, the trial court properly dismissed plaintiff's inverse condemnation claim for deprivation of access. *See Ossman v. Mountain States Telephone & Telegraph Co.,* 184 Colo. 360, 520 P.2d 738 (1974); *Majestic Heights Co. v. Board of County Commissioners,* 173 Colo. 178, 476 P.2d 745 (1970).

## III.

Plaintiff's last contention is that the trial court committed reversible error by summarily dismissing his trespass claim. Plaintiff specifically alleges that the City violated his exclusive parking rights when its independent contractor entered Dominion's parking lot pursuant to an easement to enlarge the parking lot. We disagree.

■ Trespass is an entry upon the real property of another without the invitation or permission of the person lawfully entitled to possession of the realty. *Magliocco v. Olson,* 762 P.2d 681 (Colo.App. 1987). Either a landlord with reversionary interest or a tenant in possession of premises is entitled to sue for trespass. *Plotkin v. Club Valencia Condominium Ass'n,* 717 P.2d 1027 (Colo.App.1986).

■ Here, plaintiff's lease neither conferred him with possession of the parking lot nor forbade Dominion from granting the City an easement for entry upon the parking lot. Under these circumstances, an action for trespass will not lie. *See Magliocco v. Olson, supra.*

Therefore, the trial court properly dismissed plaintiff's trespass claim as a matter of law.

The judgment is affirmed.

CRISWELL and PLANK, JJ., concur.