[No. 4480.]

MITCHELL v. THE CITY OF DENVER ET. AL.

1. **Cities and Towns—Public Streets—Dedication.**

Where the owner of land in platting a city addition expressly reserved for private use a strip between two blocks and had no intention of dedicating it to the public for a street, the fact that subsequent owners of the two blocks between which it lay, in platting subdivisions of the blocks, treated the strip as a public street, which was not known or acquiesced in by the owner of the strip, could not affect the title of the owner of the strip nor vest any right thereto in the public.

2. **Evidence—Tax Deeds.**

A tax deed is prima facie evidence that the property described therein was subject to taxation, and the introduction in evidence of a tax deed establishes a prima facie title in the grantee.

3. **Cities and Towns—Public Streets—Dedication.**

Where the owner of land in platting an addition to a city

expressly reserved for private use a strip of land lying between two blocks, the mere fact that the city graded the strip as a public street and set up sign posts at its intersection with other streets, placing thereon the names of the streets and used the same for six or seven years as a public street, was not sufficient evidence of acquiescence by the owner to establish a common-law dedication.

*Appeal from the District Court of Arapahoe County.*

Mr. W. C. MITCHELL, *pro se.*

Mr. H. A. LINDSLEY and Mr. H. L. RITTER, for appellees.

Mr. JUSTICE CAMPBELL delivered the opinion of the court.

The present controversy is over a strip of land which is within the city and county of Denver, and which formerly formed a part of what is called in the record North Highlands. The city claims it as a part of Goss Street, and the appellant, Mitchell, as his exclusive private property acquired under a tax deed. While the quarter section of which the disputed strip is a part was owned by the American Baptist Missionary Union and the American Baptist Home Mission Society, they platted a large part of it into lots and blocks, and in the year 1873 filed a map or plat of the same with the county clerk and recorder of the proper county in which they dedicated to the public all of the streets and alleys which were marked as such upon the plat, but saved and re-served for the private use and benefit of themselves, their successors and assigns, this particular strip between blocks 9 and 10, which was not so designated, along with certain other named tracts.

In the answer of the city, after a general denial, was a special defense that the makers of this plat intended to dedicate the premises in controversy to

the public to be used as a highway, and that the same was accepted, used and thenceforth so maintained by the municipal authorities. In the city's brief, filed in this court, at least a partial change of position seems to have been taken, for the city now, if we correctly understand its counsel, claims the land by adverse user.

The case was not tried upon the theory of a prescriptive right, but, if it was, the testimony falls far short of establishing any such right of the city to the property in controversy. The proof conclusively shows that the owners of the land, at the time they laid it out into lots and blocks and filed the map, instead of dedicating it to the public as a highway, expressly reserved it to their own private use and benefit and that of their successors and assigns. From the abstract of title to this property admitted in evidence without objection as showing the true condition, it appears that, by subsequent transfers, they disposed of the same, or a portion thereof, to private individuals. There is not a word of evidence that any of them ever had, or manifested, any intention with respect to the reserved parcel other than that contained in the recitals on the face of the map which was an express reservation of the same to their own private use. So far, therefore, as the intention of the owners is concerned, it conclusively appears that there was no intention to dedicate this tract to the public. That subsequent owners of blocks 9 and 10, between which this strip lies—some of whom made and platted subdivisions of the same— proceeded on the assumption that the reserved strip was public, not private, property, does not affect the plaintiff, for neither he nor his grantors are shown to have known of, or acquiesced in, the same.

Under the statutory law of this state a tax deed is *prima facie* evidence that the property described

therein was subject to taxation.—Mills' Ann. Stats. sec. 3902; *Lebanon M. Co. v. Rogers,* 8 Colo. 34. The production of this tax deed in evidence, therefore, established a *prima facie* case for the plaintiff, and the defendants, so far as the record discloses, have not overcome it.

There is no question but that a common-law dedication can be made out by showing an intention on the part of the owner to dedicate his property to the public and an acceptance of the same by the latter, and both the dedication and the acceptance may be shown by an instrument in writing, or by acts and declarations. But the defect in the proof of the city is its failure to establish either a common-law dedication, or a sufficient user to overcome the *prima facie* case made by the plaintiff. That the city of Denver, or some of its constituent municipal corporations, six or seven years before the trial, graded this street, put up sign posts at the intersection of the adjoining streets, and placed thereon the names thereof, is not, under the facts, sufficient evidence of acquiescence by the owners in this alleged assertion of public ownership, or sufficient to make out an ownership arising from adverse possession.

There are other reasons why the judgment should be reversed, but the foregoing discussion disposes of the case without a further consideration of them. The judgment should be reversed and the cause remanded, and it is so ordered.

*Reversed.*