No. 16,924.

BROWN ET AL. *v.* KIRK ET AL.
(257 P. [2d] 1045)

Decided May 11, 1953.

Mr. MAURICE W. KONKEL, for plaintiffs in error.

Messrs. SANDHOUSE & SANDHOUSE, for defendants in error Kirk and Linch.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

R. D. BROWN, JR. and Evelyn M. Brown, plaintiffs in the trial court and plaintiffs in error here, brought

an action against James Kirk and C. A. Linch to have adjudicated and determined their rights to an undivided one-half of the mineral rights underlying a quarter section of land in Logan county formerly belonging to plaintiffs and by them conveyed to defendants. Trial was had to the court, at the conclusion of which judgment was entered in favor of defendants, and plaintiffs are- here by writ of error seeking a reversal of that judgment.

The basic facts are not in serious dispute. From the record it appears that in 1945 the Federal Land Bank owned the quarter section of land here involved, and on September 27, 1945, conveyed said land by deed, in which appears the following: "Excepting and reserving unto the party of the first part, its successors and assigns, an undivided one-fourth of all oil, gas, and other minerals and mineral rights in, upon and under said real estate." By mesne conveyances plaintiffs became the owners of said quarter section. On August 27, 1946, plaintiffs entered into a written agreement with defendants for the sale of the real estate described in the deed of said bank, and in said agreement, after the description of the real estate, is the following: "except one half of all oil, gas and mineral rights which *party* of the first part reserves." Thereafter and on September 19, 1946, plaintiffs made, executed and delivered their statutory form of warranty deed describing said quarter section of land, after which there appears "excep[t] one half of all oil, gas and mineral rights which parties of the first part reserve" and the warranting clause in said warranty deed reading "and warrant the title to the same, subject to reservations above mentioned."

It should be noted that in plaintiffs' complaint there is no allegation of mistake, fraud or other legal or equitable ground which would entitle plaintiffs to a reformation of their deed, and, in fact, reformation is not sought.

It appears from the record that the parties to this

action concede the right and title of said bank to an undivided one fourth interest in the mineral rights underlying the quarter section of land. It is plaintiffs' contention that they are the owners of an undivided one half of all of the mineral rights underlying the land described in their deed; that said bank is the owner and entitled to an undivided one fourth of said mineral rights, leaving the grantees in their said deed only an undivided one fourth of the mineral rights underlying said quarter section, while defendants contend that under and by virtue of their warranty deed they are the owners and entitled to an undivided one half of all oil, gas and minerals underlying the lands described in that deed.

After the filing of the amended complaint and answer thereto, defendants filed a motion for summary judgment, which was denied, and thereupon the cause proceeded to trial, and evidence was introduced.

Defendants were called and testified as adverse witnesses, and three other witnesses were called and testified with reference to the negotiations preceding the execution of the agreement and the execution and delivery of the deed. Defendants called no witnesses. At the conclusion of the evidence, defendants moved to strike all of the extrinsic testimony, which motion was denied, and thereupon the court made written findings and entered judgment in favor of defendants.

The court found that the *reservation* in the warranty deed was not ambiguous or such a reservation as would require interpretation or construction; further that any mistake in the deeds was on the part of plaintiffs or their agent; further that the interest of the said bank was not disclosed to defendants at the time of entering into the agreement of purchase or the execution of the warranty deed; further that the only reservation in the warranty deed was one half of all oil, gas and mineral rights. The court found that defendants were the owners in fee simple of the premises described in the warranty

deed excepting one half of the oil, gas and mineral rights; that plaintiffs were the owners of an undivided one fourth interest in said mineral rights; and the said bank was the owner of an undivided one fourth interest in said mineral rights, and thereupon entered its judgment in accordance with its findings.

The findings and judgment of the trial court were entered on August 2, 1951, and the cause docketed in our court on July 28, 1952, and came at issue on November 7, 1952.

■ It is a universally accepted principle of law that when a deed is unambiguous and unequivocal the intention of the parties thereto must be determined from the deed itself, and extrinsic evidence to alter, vary, explain or change the deed by any such evidence is not permissible. The intention of the parties is controlled entirely by the deed and its terms.

■■ As we understand plaintiffs' contention, great emphasis is laid upon the legal effect of the verbs "except" and "reserve," these words being the legal equivalent of the nouns "exception" and "reservation" and necessarily import the same legal significance and meaning. We call attention to the fact that in the warranty deed here involved the grantors use the verbs "except" and "reserve" interchangeably and synonymously without attempting any legal distinction or effect thereof. We have called attention to the fact that in the deed from the Federal Land Bank to its grantee it used the words "excepting" and "reserving" in connection with its twenty five per cent interest in the oil, gas and mineral rights underlying the premises, and these two participles are used interchangeably and synonymously to convey the definite fact that by its deed it is not conveying title to an undivided twenty five per cent interest in the mineral rights underlying the quarter section. Technically it may be true that an exception takes something out of the land granted that would otherwise pass under a warranty deed, while a reservation

is the creation in behalf of the grantor in the deed of a new right issuing out of the premises conveyed. The portion of the estate reserved must be something that did not exist independently before the grant. Technically, a reservation can benefit the grantor only; otherwise with an exception. It is obvious from the deed here in question that the verbs "except" and "reserve" as well as the noun "reservation" were used interchangeably, synonymously, and without reference or regard to their technical, legal meaning. Under these circumstances, when the grantors "except one half of all the oil, gas and mineral rights" it will be presumed that they knew of the "excepting" and "reserving" clause in the deed of said bank, and by their warranty deed were protecting themselves on their warranty. As is clearly expressed in their deed, plaintiffs were excepting fifty per cent of the oil, gas and mineral rights, and the title to the remainder thereof they undertook to warrant and defend. The clause "which parties of the first part reserve" is surplusage.

The trial court, under the pleadings here, might properly have granted defendants' motion for summary judgment, and, although it denied defendants' motion to strike all extrinsic evidence from the record, nevertheless its findings and judgment clearly indicate that ultimately the court found that this evidence was not of material assistance in reaching its final conclusion. No cross specification of points has been presented here, and the error in admitting extrinsic evidence is one of which plaintiffs cannot legally complain.

In view of our ruling, other specifications need not be considered.

The judgment is affirmed.