506 P.2d 405 (1972)
The FIRST NATIONAL BANK OF DENVER, Executor of the Estate of Hazel M. Lindl, Deceased, Plaintiff-Appellee,
v.
Martin R. ALLARD et al., Defendants-Appellants.
No. 71-238.
Colorado Court of Appeals, Div. II.
October 31, 1972.
Rehearing Denied November 21, 1972.
Certiorari Granted March 5, 1973.
Moran, Reidy & Voorhees, John R. Moran, Jr., Denver, for plaintiff-appellee.
Warberg & Mast, Fort Collins, V. G. Seavy, Jr., Denver, for defendants-appellants.
Selected for Official Publication.
*406 SMITH, Judge.
This is a quiet title action relative to certain mineral interests. Plaintiff's claim was based upon an alleged reservation of a mineral interest in certain real property, the surface of such property being owned by defendants.
In 1944, Hazel M. Brown acquired by deed from the "70" Ranch Corporation an undivided 17/25th mineral interest and Hazel C. Manning, by the same deed, acquired an 8/25th mineral interest in the real property which is the subject matter of this law suit. In 1961, the First National Bank of Denver, as trustee of a trust created by the will of E. E. Brown, conveyed an undivided 57.27630% interest in the entire property to Hazel M. Lindl, formerly known as Hazel M. Brown. On January 9, 1965, Hazel M. Lindl, together with Gloria Jean Hall and Robert Edward Brown, the other co-tenants, conveyed the subject property to Jack Lewis and Mary Alice Lewis. The deed in that transaction conveyed the entire property "Together with the reversion and reversions, remainder and remainders, rents, issues and profits thereof," but the warranty clause contained the following limitation:
"SUBJECT, HOWEVER TO:
(i) Any and all transfers of the oil, gas, and other minerals in and under and that may be produced from the above-described land, and of the right of ingress and egress at all times for the purpose of mining, drilling and exploring said land for oil, gas, and other minerals and removing the same therefrom,"
On January 19, 1965, the Lewises conveyed the property to Deming Doak and Ruth Doak and warranted the title subject to the same items described in the same language as in the previous deed. In 1968, the Doaks conveyed the land by deed to the Allard Cattle Company, defendant in this action. The warranty of title was subject to "reservations of record" and "agreements of record."
Plaintiff-appellee, as executor of the will of Hazel M. Lindl, deceased, successfully sought a decree quieting the estate's title to the 17/25th mineral interest in the property. At trial the history of transactions, as related above, was not in controversy, and there was no disagreement concerning the absence of fraud, mistake or ambiguity in the wording of the deed. Defendant appeals. We reverse.
The parties are agreed that if the quoted portion of the January 9, 1965, deed can be construed to have excepted a 17/25th mineral interest of Hazel M. Lindl, then the trial court's determination should be affirmed. Plaintiff argues that the language "any and all transfers" of the mineral interest was sufficient to except the 17/25th mineral interest. Defendant argues that the purpose of this language is only to exclude from warranty mineral interests of record other than the mineral interest being conveyed, specifically the recorded 8/25th mineral interest of Hazel C. Manning which was not conveyed by the instrument and could not be warranted by this deed.
In construing the deed, the preferred construction is that which renders all provisions of the instrument operative and effective and which carries out the intention of the parties. Percifield v. Rosa, 122 Colo. 167, 220 P.2d 546. The clause in question does not in any way purport to limit or modify the description of the property conveyed, but is included with certain items excluded from the warranty, such as any interest of the Union Pacific Railroad, easements for utilities or pipelines, tax liens of improvement districts, and liens for general taxes. The term "real property," which would indicate an intention to convey both surface and mineral rights, was in no way limited in the granting clause. It is presumed that a party conveying property by deed intends to convey his entire interest therein unless a portion thereof is expressly excepted from the conveyance. A limitation upon the warranty of title is not such an express exception.
*407 The language in question does not support the determination of the trial court. The intent of the parties is manifested by the deed and was to convey both mineral and surface interest in land. The defendants' title to the 17/25th mineral interest in the dispute should have been confirmed.
We reverse and remand with directions to enter a decree in accordance with this opinion.
DWYER and ENOCH, JJ., concur.