No. C-324

The First National Bank of Denver, Executor of the Estate of Hazel M. Lindl, deceased v. Martin R. Allard, Eleanor K. Allard, George L. Allard, and Roxana E. Allard, d/b/a Allard Cattle Company a co-partnership

(513 P.2d 455)

Decided July 30, 1973.                    Rehearing denied September 10, 1973.

Moran, Reidy & Voorhees, John R. Moran, Jr., for petitioner.

Warbert & Mast, Cosgriff, Dunn, French & Seavy, V. G. Seavy, Jr., for respondents.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This is an action to quiet title to an undivided 17/25 interest in the oil, gas and other minerals underlying 14,000 acres of the 70 Ranch in Weld County. In 1944 the late Hazel M. Lindl acquired this mineral interest by mineral deed. At the same time, the remaining 8/25 interest in the oil, gas and other minerals was conveyed to Hazel C. Manning. In 1961 by deed without warranty or reservation an undivided 57.2763% interest in the 14,000 acres was conveyed to Mrs. Lindl. The owners of the remainder of the surface and Mrs. Lindl by statutory form warranty deed conveyed the 14,000 acres in 1965. This deed contained the following language:

"[The grantors] hereby sell and convey . . . the real property situate in the County of Weld, State of Colorado, which is described in the hereto attached schedule which is marked Exhibit A and which is hereby made a part of this Deed, and warrant the title to the same, SUBJECT, HOWEVER, TO:

"(i) Any and all transfers of the oil, gas, and other minerals in and under and that may be produced from the above-described land, and of the right of ingress and egress at all times for the purpose of mining, drilling and exploring said land for oil, gas, and other minerals and removing the same therefrom, and

"(ii) any interest or right which the Union Pacific Railroad Company may have in, to, or affecting any part of said land, and

"(iii) any existing easements for public utilities, pipelines, highways, roads and any other established right of way on said land or any part thereof, and

"(iv) the lien of any installments not yet due and payable of any tax levied by any improvement district or other district having the right to tax, within whose boundaries any portion of the said land is situate, and

"(v) the lien of the general taxes for the year 1964 and subsequent years payable in 1965 and thereafter."

The statute providing for statutory form warranty deed reads

as follows:

"(1)(a) A deed for the conveyance of real property may be substantially in the following form:

_____, whose address is _____, County of _____ and State of _____ ___, for the consideration of _____Dollars, in hand paid, hereby sell(s) and convey(s) to _____whose address is _____, County of _____ and State of _____, the following real property in the County of _____ and State of Colorado, to-wit: _____ with all its appurtenances and warrant(s) the title to the same, subject to _____.

"Signed this _____ day of _____, 19___.

"(b) Such deed may be acknowledged in accordance with section 118-6-1, Colorado Revised Statutes 1963. Failure to state the address or the county or state of residence of the grantor or grantee shall not affect the validity of such deed.

"(c) Every deed in substance in the above form, when properly executed, shall be a conveyance in fee simple to the grantee, with covenants on the part of the grantor as set forth in subsection (2) of this section.

"(2)(a) The words 'warrant(s) the title' in a warranty deed as described in section 118-1-13(1) or in a mortgage as described in section 118-1-17, mean that the grantor covenants:

"(b) That at the time of the making of such instrument he was lawfully seized of an indefeasible estate in fee simple, in and to the property therein described and has good right and full power to convey the same;

"(c) That the same was free and clear from all encumbrances, except as stated in the instrument; and

"(d) That he warrants to the grantee, his heirs and assigns, the quiet and peaceable possession of such property, and will defend the title thereto against all persons who may lawfully claim the same.

"(3) Such covenants shall be binding upon any grantor, his heirs and personal representatives, as fully as if written at

length in said instrument." C.R.S. 1963, 118-1-13.

Whatever interest passed under the 1965 deed later, by mesne conveyances, vested in the defendants. In 1969 Mrs. Lindl brought this action, contending that she had not conveyed the undivided 17/25 mineral interest by the 1965 deed, but rather had retained it. She died *pendente lite* and her executor, the plaintiff bank, was substituted. The trial court held for the plaintiff, *i.e.,* that the 17/25 mineral interest had been reserved, and stated:

"1. That the pleadings on file herein, including all exhibits attached thereto, leave no material issue of fact for determination, but only issues of law;

"2. That from the pleadings and by reference solely to the four corners of that certain Deed of January 9, 1965, recorded January 11, 1965 in Book 532, Reception No. 1453565, records of Weld County, Colorado, executed by Hazel M. Lindl, Gloria Jean Howard and Robert Edward Brown, as Grantors, to Jack Lewis and Mary Alice Lewis, as Grantees, the Grantor Hazel M. Lindl intended not to convey and did not convey an undivided 17/25ths interest in and to the oil, gas and other minerals in and under and that may be produced from the lands described upon Exhibit 'A' hereof, together with the right of ingress and egress at all times for the purpose of mining, drilling and exploring said land for oil, gas and other minerals and removing the same therefrom, owned by said Hazel M. Lindl at and before the execution and delivery of said Deed . . . ."

The Court of Appeals reversed, holding that Mrs. Lindl had conveyed the 17/25 mineral interest. The latter ruling we affirm.

. We are presented with three alternatives: (1) to rule that that language of paragraph (i) or the 1965 deed, immediately following "SUBJECT, HOWEVER, TO", makes the deed ambiguous, with resulting remand for the taking of evidence as to intent; (2) to find the conveyance unambiguous and hold that it reserved the 17/25 mineral interest to Mrs. Lindl; or (3) to find that language of the deed unambiguous and rule that it did not reserve the mineral interest.

We join both courts below in finding that the deed is unambiguous, and join the Court of Appeals in adopting the third alternative immediately just stated, *i.e.,* that the deed conveyed Mrs. Lindl's mineral interest.

In *Brown v. Kirk,* 127 Colo. 453, 257 P.2d 1045 (1953), it was stated:

"It is a universally accepted principle of law that when a deed is unambiguous and unequivocal the intention of the parties thereto must be determined from the deed itself, and extrinsic evidence to alter, vary, explain or change the deed by any such evidence is not permissible. The intention of the parties is controlled entirely by the deed and its terms."

We believe that the language plainly refers to "transfers" of any interests *to third persons,* and does not express an intention to reserve minerals to the grantors. Generally, when grantors intend to reserve or retain something, they specifically say so. This was not the case here. Instead, this wording protected Mrs. Lindl against any warranty of minerals in another, *viz.* the outstanding 8/25 mineral interest conveyed to Hazel C. Manning. This determination is strengthened by the fact that paragraphs (ii) and (iii) of the 1965 deed relate to lack of warranty as to interests held by third persons.

Judgment affirmed.

MR. JUSTICE ERICKSON does not participate.