STATE DEPARTMENT OF HIGHWAYS, DIVISION OF HIGHWAYS, State of Colorado, Petitioner-Appellant,

v.

TOWN OF SILVERTHORNE, a Colorado municipal corporation, Virgil M. Cox, and Linda M. Rhea, as Treasurer of Summit County, Respondents-Appellees.

No. 84CA0416.

Colorado Court of Appeals, Div. II.

April 18, 1985.

Rehearing Denied May 30, 1985.

Certiorari Granted Oct. 21, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Donald M. Ostrander, Asst. Atty. Gen., Denver, for petitioner-appellant.

Myron A. Clark, Denver, for respondent-appellee Town of Silverthorne.

Opperman & Associates, P.C., Marlin D. Opperman, Denver, for respondent-appellee Virgil M. Cox.

KELLY, Judge.

In this condemnation proceeding, petitioner, Colorado Department of Highways, appeals the judgment entered on an award of $150,000 made by a commission of freeholders. The Department argues that the trial court erred in refusing to find that the property had been dedicated to public use, in refusing to allow evidence of ownership at the valuation hearing, and in allowing evidence of both after sales and sales with business zoning to prove market value. We affirm.

In order to expand a highway, the Colorado Department of Highways acquired a road in Silverthorne, Colorado, known as Dillon Avenue, by eminent domain. Throughout the proceedings, respondents, Town of Silverthorne and Virgil Cox, asserted title to the property.

Prior to the valuation hearing, the Department asked the trial court to rule that Dillon Avenue was a dedicated public road owned by Silverthorne and that, thus, Silverthorne is not entitled to the fair market value of the property, but only to nominal compensation under the substitute facility rule. See 5 P. Nichols, *Eminent Domain* § 15.2[2] (3rd ed. 1950). Finding that the property had not been dedicated to public use as a matter of law, the trial court denied the motion and ruled that no questions of ownership were to be raised at trial. At trial, the commission found the fair market value of the property to be $150,000.

I.

The Department first argues that the trial court erred in finding that Dillon Avenue had not been dedicated to public use. We disagree.

▮ In Colorado, a dedication may be obtained pursuant to statute or according to the common law. *Fortner v. Eldorado Springs Resort Co.*, 76 Colo. 106, 230 P. 386 (1924). Any statutory dedication here would fall under C.R.S. 1963, § 139-1-7, which was in effect at the time Silverthorne became an incorporated municipality. That statute specified that: "All avenues ... and other places designated or described as for public use on the map or plat of any city or town ... shall be deemed to be public property, and the fee thereof be vested in such city or town." *See also* § 31-2-106(3), C.R.S. (1977 Repl. Vol. 12). Ordinarily a statutory dedication operates by way of grant and conveys to the city the full fee title to the property dedicated to public use. *City of Greenwood Village v. Boyd*, 624 P.2d 362 (Colo. App.1981).

The plat plan of the Town of Silverthorne was recorded in September of 1960 and accompanied the Town's petition for incorporation in 1967. The map contains a dedication which states:

"KNOW ALL MEN BY THESE PRESENTS: That Clayton Hill, being the sole owner of all of the land in SILVERTHORNE, COLORADO, as shown, has caused the foregoing land to be surveyed and platted and has designated certain streets and avenues, namely, BRIAN, ADAMS, SECOND, THIRD, FOURTH, FIFTH, & SIXTH for public use. DILLON AVENUE shall be a use road and shall remain in the possession of Clayton Hill and Virgil M. Cox, and shall be closed to public use on Christmas Day, December 25, or other days so designated.

All easements for public utilities are hereby dedicated in perpetuity."

▮ The preferred construction of an instrument is that which renders all the provisions of the instrument operative and effective, thus carrying out the intention of the parties. *See First National Bank v. Allard*, 31 Colo.App. 391, 506 P.2d 405 (1972), *aff'd*, 182 Colo. 297, 513 P.2d 455 (1973). The plat plan specifically excludes Dillon Avenue from the dedication of the other streets and avenues to public use. Thus, there was not a statutory dedication of Dillon Avenue.

The Department, however, urges us to hold that the property was dedicated under the common law. This we decline to do.

 When the statutory requirements of dedication have not been met, dedication may still occur pursuant to the common law. *Fortner v. Eldorado Springs, supra.* But, a common law dedication of property to public use is never presumed. For a common law dedication to be shown, evidence must be presented of the unequivocal intent of the owner to make the dedication and of the acceptance of the dedication by the governmental authority. These elements must be found from the unambiguous actions of the parties. *City of Northglenn v. City of Thornton,* 193 Colo. 536, 569 P.2d 319 (1977). When a plat is filed dedicating some streets to public use and reserving some streets for private use, there is no common law dedication of the streets reserved for private use absent other evidence manifesting the clear intent of the grantor to dedicate for public use the streets expressly reserved on the plat. *Fortner v. Eldorado Springs, supra; Mitchell v. City of Denver,* 33 Colo. 37, 78 P. 686 (1904).

 Here, the dedication on the plat plan does not indicate an intent to dedicate, and no other evidence was offered to support either an intent to dedicate or an acceptance of the dedication by Silverthorne. The transfer of title by deed to Silverthorne from the Estate of Clayton Hill in 1980 does not constitute a dedication, there being neither evidence that an intention to dedicate provoked the transfer nor, if we assume such an intention, that there was an acceptance thereof. The trial court's conclusion that there was no common law dedication of Dillon Avenue is supported by the evidence and therefore binding on appeal. *Denver v. Publix Cab Co.,* 135 Colo. 132, 308 P.2d 1016 (1957).

## II.

The Department next contends that it should have been allowed to present evidence of the chain of title to Dillon Avenue at the valuation hearing. We disagree.

 Section 38–1–105(3), C.R.S., which governs condemnation proceedings, specifies:

"If there is more than one person interested as owner or otherwise in the property and they are unable to agree upon the nature, extent, or value of their respective interests and the total amount of compensation so ascertained and assessed on an undivided basis by either a commission or a jury, the nature, extent, or value of said interests shall thereupon be determined according to law in a separate and subsequent proceeding and distribution made among the several claimants thereto."

Once the reasonable market value of property in an eminent domain proceeding has been established, the apportionment of that amount among claimants is of no concern to the condemnor. *Vivian v. Board of Trustees,* 152 Colo. 556, 383 P.2d 801 (1963); *see also Montgomery Ward & Co. v. City of Sterling,* 185 Colo. 238, 523 P.2d 465 (1974). The procedure used by the court and the commission in determining the total value of the property without regard to ownership was proper.

## III.

Petitioner next contends that the trial court erred in admitting into evidence sales occurring after the date of valuation as comparable sales. We disagree.

 The role of the commission is to ascertain the present, reasonable market value of the condemned property at the date of the taking. *Goldstein v. DURA,* 192 Colo. 422, 560 P.2d 80 (1977). The commission was entitled to consider any competent evidence, except evidence of enhanced value arising from the very fact of condemnation, which would affect the market value of the land. The primary consideration is whether the comparable sales are sufficiently similar to be probative of the fair market value of the property under consideration by the commission. *Goldstein, supra.*

In *Wassenich v. City of Denver,* 67 Colo. 456, 186 P. 533 (1919), the court stated:

"Similarity does not mean identical, but having a resemblance. No general rule can be laid down regarding the degree of similarity that must exist to make such evidence admissible. It must necessarily vary with the circumstances of each particular case. Whether the properties are sufficiently similar to have some bearing on the value under consideration, ... must necessarily rest largely in the sound discretion of the trial court, which will not be interfered with unless abused."

Here, the evidence of after sales was properly admitted. CRE 401, 402. The after sales were sufficiently comparable in character, close in time, and in location to be probative of the value of Dillon Avenue, and the risk that the commissioners would be prejudiced, confused, or misled was slight. *See* CRE 403.

Finally, petitioner contends that the trial court erred in admitting evidence concerning sales of property with business zoning. This argument is without merit. *Aurora v. Webb*, 41 Colo.App. 11, 585 P.2d 288 (1978).

Judgment affirmed.

BERMAN and VAN CISE, JJ., concur.