**MULL DRILLING COMPANY, INC., Michael R. Kidwell, Dallas E. Donner, Robert D. Swann, Robert Martin and Ann Amsden Martin, Plaintiffs–Appellees,**

v.

**MEDALLION PETROLEUM, INC., Charlotte M. Smyth a/k/a Marie Smyth, Stanley M. Smyth a/k/a Mike Smyth, C.R. Murphy and Beuna Murphy, Defendants–Appellants.**

No. 90CA0026.

Colorado Court of Appeals,
Div. III.

March 28, 1991.

Burns, Wall, Smith & Mueller, P.C., George W. Mueller, James E. Bosik, Denver, Martin, Pringle, Oliver, Wallace & Swartz, Jeff Kennedy, Wichita, Kan., for plaintiffs-appellees.

Lance Astrella, T.R. Rice, Denver, for defendants-appellants.

Opinion by Judge SILVERSTEIN *.

Defendant, Medallion Petroleum, Inc. (Medallion), appeals the summary judgment entered by the trial court quieting title to the plaintiffs, Mull Drilling Company, Inc., Michael R. Kidwell, Dallas E. Donner, Robert D. Swann, Robert Martin, and Ann Amsden Martin, as lessees of oil and gas interests, and determining that a lease held by Medallion is ineffective to cover any part of the oil and gas estate in the lands covered by the plaintiffs' leases. We affirm.

The plaintiffs and Medallion each filed motions for summary judgment and a hearing was held on stipulated facts.

The rights of the parties depend upon the interpretation of a warranty deed wherein C.R. Murphy and Beuna Murphy conveyed to G.C. Jaeger and D.F. Jaeger certain land in Cheyenne County, Colorado, which provided:

* Sitting by Assignment of the Chief Justice under provisions of the *Colo. Const.,* art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

"Excepting and reserving out of the grant herein made to the grantors, C.R. Murphy and Beuna Murphy, not in tenancy in common, but in joint tenancy, the survivor of them, their assigns and the heirs and assigns of such survivor forever, an undivided one-fourth interest in and to all oil, gas and other minerals lying in, upon or under the West Half (W/2) of Section Two, North Half (N/2) of Section Four (4), and the North Half (N/2) of Section Ten (10), all being in the Township Fourteen (14) South of Range Forty–Two (42), West of the Sixth Principal Meridian, such reservation and exception being non-participating in any leases, participation being limited to royalties only payable under said leases, and it shall not be necessary for said grantors, heirs or assigns, to join in the execution of any leases."

The named defendants C.R. and Beuna Murphy died before the commencement of the action, and Charlotte M. Smyth became the sole heir of C.R. Murphy and Beuna Murphy and is thus the successor of their reserved mineral interest. She and defendant Stanley M. Smyth have agreed to be bound by any judgment rendered.

Charlotte M. Smyth executed the lease under which Medallion claims title. Plaintiffs claim title pursuant to various leases executed by successors to the interests acquired by the Jaegers in the deed from the Murphys.

Plaintiffs claim that the effect of the warranty deed was to rest in the Jaegers and their successors and assigns the exclusive right to lease the minerals, including those rights reserved by the Murphys. Medallion, on the other hand, contends that in the absence of words of inheritance in the deed, the executory right to lease was a personal right only to the Jaegers, which could not be inherited or assigned.

■ A deed is to be construed in accordance with the intent of the parties as determined, if possible, within the four corners of the document. *Brown v. Kirk*, 127 Colo. 453, 257 P.2d 1045 (1953); *First National Bank v. Allard*, 31 Colo.App. 391, 506 P.2d 405 (1972), *aff'd*, 182 Colo. 297, 513 P.2d 455 (1973).

■ Although words of inheritance do not appear in the face of the deed, the deed is a statutory short form deed as set forth in § 38–30–113(1)(a), C.R.S. (1982 Repl.Vol. 16A). That statute further states:

"(2) The words 'warrant(s) the title' in a warranty deed as described in subsection (1)(a) of this section ... means that the grantor covenants:

. . . .

"(c) That he warrants to the grantee *and his heirs and assigns* the quiet and peaceable possession of such property and will defend the title thereto against all persons who may lawfully claim the same.

"(3) Such covenants shall be binding upon any grantor and his heirs and personal representatives as fully as if written at length in said instrument." (emphasis added)

Hence, all interests conveyed to the Jaegers were alienable and could be conveyed by proper deed to assignees. One such interest was the executory right to grant leases on the mineral rights conveyed by the Murphy deed, subject only to the reserved right to receive royalties on the mineral interest excepted and reserved to the grantors, their heirs, and assigns.

■ Although there are no Colorado cases discussing the right of an owner of a fractional mineral interest to convey the executive right to lease such interest to another, such right has long been recognized in other jurisdictions having a long history of oil and gas law. *See Klein v. Humble Oil & Refining Co.*, 126 Tex. 450, 86 S.W.2d 1077 (1935); 2 H. Williams & C. Meyers, *Oil & Gas Law* §§ 301 and 338 (1988); E. Kuntz, *Law of Oil & Gas* §§ 15.3 and 15.7 (1987). We follow the general rule and recognize that in Colorado, as elsewhere, the owner of a mineral interest has a right to convey to another the executive right to lease such interest. Hence, included in the interests conveyed to the Jaegers was a valid right to execute leases on the fractional mineral interest reserved by the Murphys.

There is nothing in the deed that would indicate an intention on the part of the Murphys that executive rights should not pass, like all other interests conveyed, to heirs and assigns of the Jaegers. To the contrary, an intention that the executory right should pass to the grantees' successors also is indicated by the provision that: "it shall not be necessary for said grantors, *heirs or assigns,* to join the execution of any leases." (emphasis supplied)

As was stated in *Day & Co. v. Texland Petroleum, Inc.,* 786 S.W.2d 667 (Tex. 1990):

"The transfer of executive rights is best governed by principles of real property and oil and gas law, and not by principles of contract law pertaining to agency and powers of attorney. In this case, therefore, the executive right, severed from the one-half mineral interest reserved by Keaton and Young and conveyed to Day, Inc., passed under Day, Inc.'s general warranty deed to the Shoafs because Day, Inc. did not reserve or except such interest from the conveyance."

We concur with the trial court that the exclusive right to execute leases on the reserved interest was not personal to the Jaegers, but passed to their successors in interest and, therefore, the leases held by plaintiffs were the only valid leases on the property in question.

■ Medallion next contends that the leases of plaintiffs are invalid because the lessees did not pay Smyth any bonus payment or delay rentals. We disagree.

"[P]articipation in lease benefits by a non-executive mineral owner depends upon the terms of his deed." 2 H. Williams & C. Meyers, *Oil & Gas Law* § 339.1 (1988).

Here, the deed expressly provided that the "reservation and exception being non-participating in any leases, participation being limited to *royalties only* payable under said leases...." (emphasis added)

Further, in 2 H. Williams & C. Meyers, *Oil & Gas Law* § 328 (1988), it is stated:

"The owner of a royalty interest participates in production of oil or gas on the land. He does not participate in bonus, delay rentals or the right to execute oil and gas leases. The owner of a non-executive mineral interest participates in production of oil and gas on the land and in bonus and delay rentals, *according to the provisions of the instrument which he holds. Such participation may be limited to one or more of the above named lease benefits.* The non-executive mineral owner does not own the right to execute leases." (emphasis added) (footnotes omitted)

Thus, whether the reserved interest be a royalty interest or a fractional interest, under the terms of the deed here involved, Smyth, as the holder of the non-executory interest, is not entitled to bonus payments or delay rentals.

Medallion's other contention is without merit.

Judgment affirmed.

TURSI and MARQUEZ, JJ., concur.