Jon APPLING; Jeff Davis; Pat H. Appling; and Colokan, Inc., a Kansas corporation authorized to do business in the State of Colorado, Plaintiffs–Appellants,

v.

The FEDERAL LAND BANK OF WICHITA; Barth Farms, Inc.; David R. Heck; Linda L. Heck; William D. Shea; Robert T. Goodwin; Michigan Wisconsin Pipe Line Company; ANR Production Company; Calvin James Melcher; Viola Lucille Melcher; S.A. Chorney; and all unknown persons who claim any interest in the subject matter of this action, Defendants–Appellees.

No. 90CA792.

Colorado Court of Appeals, Div. III.

July 18, 1991.

S. Ford Andersen, P.C., S. Ford Andersen, Lamar, for plaintiffs-appellants.

Lefferdink & Bullock, John S. Lefferdink, Lamar, for defendant-appellee Federal Land Bank of Wichita.

Thomas L. Shinn, Lamar, for defendant-appellee Barth Farms, Inc.

Opinion by Judge REED.

In this C.R.C.P. 105 action, plaintiffs, Jon Appling, Jeff Davis, Pat H. Appling, and Colokan, Inc., appeal the summary judgment which determined the interest of Colokan, the Federal Land Bank of Wichita (FLBW), and Barth Farms, Inc. (Barth), in and to the oil, gas, and other minerals (mineral interests) lying in, under, and upon the subject property. We affirm.

The mineral rights here in question all derive from a series of recorded warranty deeds involving the same surface area of

land, commencing with the Ross conveyance on March 20, 1967. On that date, Siegel M. and Charlene Lewis Ross, as grantors, conveyed the subject property to Jon Appling and Jeff Davis without reserving or excepting in their deed any mineral interests in themselves.

Appling and Davis, as grantors, immediately then conveyed to the Rosses "an undivided one-half interest in the mineral rights" lying in, upon, or under the subject property, and also an undivided one-half interest in any mineral lease then or thereafter existing upon the premises. This deed further contained the typed statement that:

> "it being the intention hereby to convey only a royalty interest; the interest conveyed hereby, whether set forth above or below, is for a period of 20 years from and after the date of this conveyance, or as long thereafter as oil, gas and/or other minerals may be continuously produced in commercial quantities."

It is undisputed that there were no outstanding mineral leases in existence at the time of the execution of these two deeds. It is also undisputed that there has never been any mineral production from the properties throughout the 20–year period set forth in the typed portion of the deed.

Thereafter, by mesne conveyances, Colokan, a corporation in which Appling was president, became vested with the ownership interest previously held by Appling and Davis.

On November 19, 1975, Colokan conveyed the property to Calvin Melcher. This conveyance contained an exception and reservation clause which reads:

> "EXCEPTING AND RESERVING therefrom, however, one-half of all oil, gas, and other minerals in, under, and that may be produced from the described premises; and further EXCEPTING AND RESERVING one-fourth of all oil, gas and other minerals in, under, and that may be produced from the described premises, or royalty interests therein, for the period as set out and recited in that certain royalty deed [by which mineral interests were conveyed to the Rosses]."

On May 1, 1985, Melcher conveyed his entire interest in the subject property to FLBW. On August 29, 1985, FLBW then conveyed the property to Barth, but excepted and reserved to itself an undivided one-half of the mineral and mineral rights "it presently owns."

The trial court, based upon these documents, and pursuant to cross-motions for summary judgment, determined that Colokan was the owner of an undivided one-fourth mineral interest and that FLBW and Barth were each the owners of an undivided three-eighths interest in and to the minerals lying in, upon, and under the subject property.

## I.

Plaintiffs contend that the trial court erred in interpreting the conveyance from Colokan to Melcher and in determining its mineral interests thereunder. We disagree.

All mineral interests of the individual plaintiffs in the subject property were conveyed by them to Colokan. Thus, a determination of the mineral interests excepted and reserved by Colokan in its conveyance to Melcher is dispositive of their claim.

A deed is to be construed in accordance with the intent of the parties as determined, if possible, within the four corners of the document. *Brown v. Kirk*, 127 Colo. 453, 257 P.2d 1045 (1953); *First National Bank v. Allard*, 31 Colo.App. 391, 506 P.2d 405 (1972), *aff'd*, 182 Colo. 297, 513 P.2d 455 (1973). And, since the deed from Colokan to Melcher is unambiguous, extrinsic evidence to alter, vary, or change the deed is not permissible. *See O'Brien v. Village Land Co.*, 794 P.2d 246 (Colo.1990).

Further, if, as here, the evidence consists of written documents, we are not bound by the trial court's findings. *Burks v. Verschuur*, 35 Colo.App. 121, 532 P.2d 757 (1975). Thus, we are not bound by the trial court's interpretation of the various deeds.

The initial deed from the Rosses conveyed the subject property and all of its

mineral interests to Appling and Davis. However, contrary to plaintiffs' contention, the subsequent conveyance from Appling and Davis to the Rosses created in the latter both an undivided one-half mineral interest and also a one-half royalty interest in any mineral lease that might thereafter exist on the premises.

■ Plaintiffs are estopped to contend that the conveyance to Ross was only a royalty interest because they characterized that grant as a mineral interest in the conveyance to Melcher. *See Surface Creek Ditch & Reservoir Co. v. Grand Mesa Resort Co.*, 114 Colo. 543, 168 P.2d 906 (1946).

The distinction between a mineral interest and a royalty interest has been defined in *Simson v. Langholf*, 133 Colo. 208, 293 P.2d 302 (1956) as follows:

" '[A]n interest in royalty is an interest in the proceeds derived from the minerals which a lessee has located, developed and produced, while an interest in minerals is an interest in those natural resources before recovery, necessitating their location, development and production before being reduced to actual possession.' "

■ The Rosses' mineral interest, however, by the terms of the deed, was to exist only for a period of 20 years (and as long thereafter as there was continuous, commercial, mineral production). This interest would terminate automatically when this condition ceased to exist. Accordingly, the Rosses' mineral interest was a determinable fee in which Appling and Davis, as owners of the fee, also held a possibility of reverter. *See School District No. 6 v. Russell*, 156 Colo. 75, 396 P.2d 929 (1964).

Thereafter, all of the interests of Appling and Davis were conveyed to their corporation, Colokan. Thus, prior to Colokan's conveyance to Melcher, Colokan held an undivided one-half interest in the minerals; the Rosses held an undivided one-half interest in the minerals for a conditional term; and Colokan, or its successors, held a possibility of reverter in the interest of the Rosses.

Subsequently, Colokan conveyed the subject property to Melcher from which it excepted and reserved from the conveyance (1) one-half of the minerals on the subject property; and (2) one-fourth of the minerals or "royalty interests therein for the period as set out in" the royalty deed to the Rosses.

■ The issue thus presented is whether the one-half mineral interest described in this exception and reservation clause is the undivided one-half interest outstanding in the Rosses, as held by the trial court, or whether, as contended by plaintiffs, it is a new mineral interest retained by Colokan in addition to the one-fourth interest also retained by it in the second exception and reservation clause. If this latter contention is correct, then it is obvious that Colokan, its warranty of title notwithstanding, has retained a three-fourths mineral interest which is in excess of the one-half mineral interest which it owned; and, further, it has made no provisions for the additional one-half interest outstanding in the Rosses.

We conclude that the one-half interest referred to in this clause is the outstanding Ross mineral interest and that the trial court correctly determined that *Brown v. Kirk, supra,* is dispositive of this issue.

In *Brown*, there existed an outstanding one-fourth mineral interest created by an exception and reservation clause in a deed when the former owners sold the land. Thereafter, the new landowners sold the subject property by warranty deed in which they excepted from that conveyance one-half of the mineral rights. The issue presented was whether this one-half interest included the interest of the former owner, so that the new purchaser acquired a one-half mineral interest in the property, or whether this interest was exclusive of that of the former owner so that the new purchaser acquired only a one-fourth interest.

The *Brown* court affirmed the trial court's findings that the purchaser acquired a one-half mineral interest. In so doing, it held that the technical, legal distinctions between an exception and reservation should be disregarded. It further held that it is presumed that the sellers knew of

the outstanding mineral interest created by the exception and reservation clauses in the deed by which they acquired title and that, by excepting the one-half interest, the sellers intended to protect themselves in their warranty. Thus, the excepted one-half interest included the former owners' outstanding one-fourth interest as well.

*Brown* represents the application of the Duhig principle. Simply stated, the Duhig principle provides that to the extent necessary to give to the grantee the undivided interest purported to be conveyed by the particular instrument, the exception or reservation is interpreted as including all outstanding mineral interests. *See* 1 H. Williams & C. Meyers, *Oil & Gas Law* § 311 at 580.25, et seq. (1990).

Thus, as in *Brown,* the exception and reservation by Colokan of the one-half mineral interest is the outstanding Rosses' mineral interest, and the exception and reservation of the one-fourth interest describes the mineral interest additionally retained by Colokan. Thus, Melcher acquired the subject property, and a one-fourth mineral interest. *O'Brien v. Village Land Co., supra.*

As to the balance of the mineral interests, Colokan owned one-fourth of the total and the Rosses owned one-half. Melcher, as owner of the fee, also acquired the possibility of reverter to the Rosses' mineral interest because of the latters' conditional term.

Because plaintiffs' mineral interests were not affected by conveyances subsequent to the Colokan–Melcher deed, we conclude that the trial court correctly determined that the sole interest of the plaintiffs in the subject property was Colokan's one-fourth mineral interest.

## II.

Barth concedes the correctness of the trial court's determination concerning the mineral interest to which plaintiffs are entitled. It challenges in its brief, however, the court's determination concerning the mineral interests owned by FLBW and by it. These interests arose out of conveyances that occurred after those involving the plaintiffs and also out of the reversion of the Ross mineral interest at the end of the 20–year term. Barth argues that it is entitled to a larger mineral interest than that decreed by the court and that FLBW is entitled to a smaller mineral interest than decreed by the court. We refuse to consider these issues.

Barth has taken no cross-appeal of the trial court's determination. FLBW has elected to stand on the record and has filed no briefs.

It is thus apparent that, by these contentions, Barth seeks, without filing any cross-appeal, to enlarge its rights and modify the trial court's judgment, all to the expense of FLBW. Stated conversely, these contentions, in no respect, seek to support the trial court's judgment relative to plaintiffs' claim. Under these circumstances, Barth, as an appellee that has not pursued a cross-appeal, is precluded from presenting these additional issues. *City of Delta v. Thompson,* 37 Colo.App. 205, 548 P.2d 1292 (1975).

The judgment is affirmed.

MARQUEZ and ENOCH * JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).